# EXHIBIT 1

# EXHIBIT 1

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
[Proposed] *Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 25-16697-nmc |
| LAS VEGAS COLOR GRAPHICS, INC., | Chapter 11 |
| Debtor. | Date:<br>Time: |

**ORDER: (I) AUTHORIZING PAYMENT OF EMPLOYEE COMPENSATION; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR AND <u>PROCESS CHECKS AND TRANSFERS RELATED TO SUCH OBLIGATIONS</u>**

The Debtors in each of their Chapter 11 Cases submitted an *Emergency Motion for Entry of an Order: (I) Authorizing Payment of Employee Compensation; and (II) Authorizing and*

*Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations* [in this case, ECF No. _____] ("Motion") on November ___, 2025.[1]

The Motion came on for hearing before the above-captioned Court on _____, 2025, at _____.m. (the "Hearing"). Debtors appeared by and through their proposed counsel, the law firm of Garman Turner Gordon LLP, and all other appearances were noted on the record at the Hearing.

The Court having read and reviewed the Motion, and the other papers, pleadings, and declarations filed in support of and response to the Motion, as well as the papers and pleadings on file in the Chapter 11 Cases and all other matters identified by the Court at the Hearing; and the Court having also heard the oral argument of those who appeared on the record at the Hearing; it appearing and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances surrounding these Chapter 11 Cases and no other or further notice need be provided; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and based upon the findings of fact and conclusions of law placed on the record at the Hearing, which are hereby expressly incorporated pursuant to Fed. R. Bankr. P. 9014(a) and (c) and 7052. It appearing that the relief requested is necessary to preserve Debtor's ongoing operations and necessary to avoid immediate and irreparable harm, and the Court having found that said relief is in the best interests of the

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

2

Debtor, its estate, and creditors, and in light of the circumstances and the emergency nature of the relief requested and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS ORDERED** that the Motion is **GRANTED** in its entirety.

**IT IS FURTHER ORDERED** that Debtors are authorized and empowered to: (1) pay Wage Obligations and costs incident thereto; (2) remit Deductions, Garnishments, Payroll Taxes, and Employee Benefit Contributions, to the applicable state or federal taxing authorities, law firms, governmental agencies, or plan sponsor tasked with collecting such funds; and (3) pay Reimbursable Expenses not exceeding $10,000.

**IT IS FURTHER ORDERED** that the applicable banks and financial institutions are hereby authorized, empowered, and directed to receive, process, honor, and pay any and all checks or other forms of payment related to the Employee compensation authorized by this Order, whether presented prior to or after the Petition Date in accordance with the stated policies with regard thereto, provided sufficient funds exist in the respective account(s) to cover such payments.

**IT IS FURTHER ORDERED** that Debtors are authorized, empowered, and directed to honor employee checks (assuming funds on deposit are sufficient) for Employee compensation earned pre-Petition Date that are presented after the commencement of the Chapter 11 Cases, except as otherwise directed by the Debtors.

**IT IS FURTHER ORDERED** that the fourteen (14) day stay applicable under Bankruptcy Rule 6004(h) or otherwise is hereby **WAIVED**, and this Order shall be effective immediately upon entry.

**IT IS FURTHER ORDERED** that the relief granted herein is necessary to avoid immediate and irreparable harm and, to the extent the twenty-one (21) day time period otherwise imposed by Bankruptcy Rule 6003 on the use of estate property applies to the relief requested in the Motion, the Court expressly finds cause exists and waives the application of the twenty-one (21) day time period set forth in Bankruptcy Rule 6003 and finds that the Debtors are excepted from the operation of Bankruptcy Rule 6003 to the relief requested in the Motion as authorized by this Order.

**IT IS FURTHER ORDERED** that nothing herein authorizes the Debtors to pay pre-Petition Date Wage Obligations or Employee Benefit Contributions exceeding the $17,150.00

statutory thresholds established by Sections 507(a)(4) or 507(a)(5), as applicable, or that were earned more than 180 days before the commencement of the Chapter 11 Cases.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order including the enforcement and implementation of the terms hereof.

**IT IS SO ORDERED**.

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By: /s/
    GREGORY E. GARMAN, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, ESQ.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Debtors*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

5