

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
December 19, 2025

PETER C. ANDERSON
UNITED STATES TRUSTEE
TERRI H. DIDION, SBN CA 133491
ASSISTANT UNITED STATES TRUSTEE
JUSTIN C. VALENCIA, SBN NE 25375 | SBN IA AT0012006
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Email: justin.c.valencia@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>LAS VEGAS COLOR GRAPHICS, INC.,<br><br>    AFFECTS THIS DEBTOR,   ☐<br><br>    AFFECTS COLORART, LLC   ☐<br><br>    AFFECTS BOTH DEBTORS   ☒<br><br>                      Debtor. | Lead Case No. 25-16697-nmc<br>Chapter 11<br><br>Jointly administered with:<br><br>*ColorArt, LLC*<br>Case No. 25-16701-nmc<br><br>Hearing Date: December 17, 2025<br>Hearing Time: 9:30 a.m.<br>Tel. Conf. Line: (833) 435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |

**ORDER (I) AUTHORIZING DEBTORS TO (A) EMPLOY AND RETAIN SILVERMAN CONSULTING, INC. TO PROVIDE DEBTORS WITH A CHIEF RESTRUCTURING OFFICER AND OTHER FINANCIAL ADVISORY AND MANAGEMENT SERVICES PURSUANT TO 11 U.S.C. § 363(B); (B) DESIGNATING MICHAEL SILVERMAN AS CHIEF RESTRUCTURING OFFICER; AND (II) GRANTING RELATED RELIEF**

Upon consideration of Debtors' *Motion for Entry of an Order (I) Authorizing Debtors to (A) Employ and Retain Silverman Consulting, Inc. to Provide Debtors with a Chief Restructuring*

1

*Officer and other Financial Advisory and Management Services Pursuant to 11 U.S.C. § 363(b); (B) Designating Michael Silverman as Chief Restructuring Officer; and (II) Granting Related Relief* ("Motion"); having considered the record at the hearing held on the Motion and other related pleadings and papers on file in the above-captioned jointly administered Chapter 11 Cases, including the *U.S. Trustee's Objection and Reservation of Rights* [ECF No. 196] (the "UST Opposition"), the *Replies* and supporting *Declarations* [ECF Nos. 202-205]; with appearances noted on the record; and the Court being satisfied that: (i) Silverman Consulting is disinterested as that term is defined in Section 101(14) of the Bankruptcy Code and does not hold or represent any entity having an adverse interest in connection with the Debtors' cases, (ii) that retention of Silverman Consulting is necessary and in the best interests of the estates; (iii) appropriate notice of the Motion has been given; (iv) based on the Court's findings of fact and conclusions of law as stated on the record pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable here by Federal Rules of Bankruptcy Procedure 7052 and 9014; and, (v) and good and sufficient cause appearing therefore,

**IT IS ORDERED THAT**:

1. The Motion is granted in part and denied in part as set forth herein.

2. Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Fed. R. Bankr. P 2016, as modified by this Order, Debtors are authorized to (i) retain and employ Silverman Consulting as restructuring advisor and (ii) appoint Michael A. Silverman as Chief Restructuring Officer, in each instance in accordance with the terms and conditions set forth in the Engagement Letter and both effective as of December 2, 2025.

3. Upon employment and retention by Debtors, Silverman Consulting shall be empowered and authorized to carry out all duties and responsibilities set forth in the Engagement Letter, as modified by this Order.

4. Debtors are authorized to use cash collateral to pay Silverman Consulting the amount of $50,000 as a retainer.

5. That following provisions shall apply:

    a.    As CRO, Mr. Silverman will act under the direction, control and guidance of the Debtors' board of directors and shall serve at the Board's pleasure;

    b.    Silverman Consulting and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases;

    c.    In the event the Debtors seek to have Silverman Consulting personnel assume executive officer positions that are different than the position(s) disclosed in the Motion, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed;

    d.    Silverman Consulting shall file with the Court, to be included with the Debtors' monthly operating reports ("MOR"), with copies to the U.S. Trustee and all official committees, a report of staffing on the engagement for the previous month (as described in greater detail below). Such report shall include the names and functions filled of the individuals assigned. All staffing shall be subject to review by the Court in the event an objection is filed;

    e.    No principal, employee or independent contractor of Silverman Consulting and its affiliates shall serve as a director of the Debtors during the pendency of the above-captioned cases;

    f.    Silverman Consulting shall file with the Court and provide notice to the U.S. Trustee and all official committees, reports of compensation earned and expenses incurred on a monthly basis, to be included with the Debtors' MORs. Such reports shall contain summary charts, which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred. Time records shall (i) be appended to the reports, (ii) contain detailed time entries describing the task(s) performed, and (iii) be organized by project category. Where personnel are providing services at an hourly rate, the time entries shall identify the time spent completing each task in 1/10/hour increments and the corresponding charge (time multiplied by hourly rate) for each task; where personnel are providing services at a "flat" rate, the time entries shall be kept in hourly increments. All compensation shall be subject to review by the Court in the event an objection is filed;

    g.    Success fees, transaction fees, or other back-end fees shall be approved by the Court at the conclusion of the case on a reasonableness standard and are not being pre-approved by entry of this order. No success fee, transaction fee or back-end fee shall be sought upon conversion of the case, dismissal of the case for cause, or appointment of a trustee;

     h.    The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to any other officers and directors of the Debtors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' D&O policy;

     i.    There shall be no indemnification of Silverman Consulting or its affiliates;

     j.    For a period of three years after the conclusion of the engagement, neither Silverman Consulting nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtor;

     k.    Silverman Consulting shall disclose any and all facts that may have a bearing on whether the firm, its affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, its creditors, or other parties in interest.  The obligation to disclose identified in this subparagraph is a continuing obligation; and

     l.    The rights of all parties, to move for the appointment of a trustee or an examiner pursuant to 11 U.S.C. § 1104, shall be preserved.

6.    Silverman Consulting shall file with the Court and provide notice to the U.S. Trustee, counsel to Aequum, and counsel to any official committee of unsecured creditors appointed in these Chapter 11 Cases (collectively, the "<u>Notice Parties</u>") a report on staffing (the "<u>Staffing Report</u>") by the 20th of each month for the previous month. These Staffing Reports will include the names and tasks performed by all Silverman Consulting personnel involved in this matter. Notice for each Staffing Report will provide a time period of fourteen (14) days for objections by parties in interest. The Staffing Reports (and Silverman Consulting's staffing for this matter) will be subject to review by the Court in the event so requested by any of the Notice Parties.

7.    Silverman Consulting and its affiliates shall not act in any other capacity in connection with the Chapter 11 Cases, except that Silverman Consulting shall be permitted to support the CRO consistent with the Jay Alix Protocol as described by this Order.

8.    All fees and costs for Silverman Consulting will be subject to review and fee applications shall be required in accordance with the procedures set forth in 11 U.S.C. §§ 330 and 331 of the Bankruptcy Code, Fed. R. Bankr. P. 2016(a), the Local Rules, and the Guidelines

4

for Professional Compensation established by the Office of the United States Trustee, and further orders of this Court.

9. No approval of the Motion and Engagement Letter under 11 U.S.C. § 328 is intended with this Order.

10. To the extent there is any inconsistency between the terms of the Engagement Letter, the Motion, and this Order, the terms of this Order shall govern.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004 are satisfied by such notice.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

14. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**IT IS SO ORDERED.**

///

Prepared and submitted by:

PETER C. ANDERSEN
UNITED STATES TRUSTEE

By: */s/ Justin C. Valencia*
    Justin C. Valencia, Esq.
    Trial Attorney for United States Trustee

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☒ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###