PETER C. ANDERSON
UNITED STATES TRUSTEE
TERRI H. DIDION, SBN CA 133491
ASSISTANT UNITED STATES TRUSTEE
JUSTIN C. VALENCIA, SBN NE 25375 | SBN IA AT0012006
TRIAL ATTORNEY
UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Email: justin.c.valencia@usdoj.gov

Attorneys for Peter C. Anderson
United States Trustee for Region 17

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No. 25-16697-nmc<br>Chapter 11 |
| LAS VEGAS COLOR GRAPHICS, INC., | |
| | Jointly administered with: |
|    AFFECTS THIS DEBTOR,    ☐ | |
| | *ColorArt, LLC* |
|    AFFECTS COLORART, LLC    ☐ | Case No. 25-16701-nmc |
|    AFFECTS BOTH DEBTORS    ☒ | Hearing Date: January 27, 2026<br>Hearing Time: 9:30 a.m.<br>Tel. Conf. Line: 833-435-1820<br>Meeting ID: 161 166 2815<br>Passcode: 115788# |
|                     Debtor. | |

## U.S. TRUSTEE'S OBJECTION AND RESERVATION OF RIGHTS TO THE MOTION FOR ADMINISTRATIVE ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSTION OF ESTATE PROFESSIONALS

To the Honorable NATALIE M. COX, United States Bankruptcy Chief Judge:

Peter C. Anderson, United States Trustee for Region 17 (the "U.S. Trustee"), by and

through his undersigned counsel, hereby files this objection and reservation of rights (the

"Objection") to the *Motion for Administrative Order Establishing Procedures for Interim*

1

*Compensation of Estate Professionals* (the "Motion") [ECF No. 237] filed by Las Vegas Color Graphics, Inc. and ColorArt, LLC (collectively, the "Debtors").[1]

## **INTRODUCTION**

The Motion should be denied because the Debtors have not fully analyzed why their professionals should be awarded monthly compensation payments and how the request comports with prevailing case law in this Circuit dictating when professional compensation on an interim basis may be permitted more frequently than the 120-day time period set forth in 11 U.S.C. § 331. *See U.S. Trustee v. Knudsen Corp. (In re Knudsen Corp.)*, 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988).

The Motion in and of itself lacks any discussion of Debtors' current financial state, Debtors' future financial outlook and prospects for reorganization, or what, if any, impact the relief requested in the Motion will have on Debtors' ability to reorganize. The Debtors have not established that the professionals would suffer undue hardship if they had to file noticed fee applications before receiving payments as generally required by 11 U.S.C. §§ 330 and 331. The Debtors' efforts to distinguish the prevailing case law in this area are similarly unavailing. Therefore, the U.S. Trustee's Objection should be sustained, and the Motion should be denied.

---

[1] The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in each of these Debtors' cases under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 201. To the extent that this Objection contains factual assertions predicated upon statements made by the Debtors, any of its current or former affiliates, agents, attorneys, professionals, officers, directors, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Federal Rule of Bankruptcy Procedure 9017 and Federal Rule of Evidence 801(d)(2).

Unless otherwise noted, "Section" refers to a section of the Bankruptcy Code; "Fed. R. Bankr. P." refers to the Federal Rules of Bankruptcy Procedure; "L.R." refers to the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada; and "ECF No." refers to the docket case filings in the above-captioned cases.

The Objection is supported by the following memorandum of points and authorities and any argument the Court may permit at the hearing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.      Background Facts and Procedural Posture.**

1.      On November 5, 2025, the Debtors filed voluntary Chapter 11 petitions commencing the above-captioned jointly administered cases.  [ECF Nos. 1, 103].

2.      The U.S. Trustee has not appointed a trustee, examiner, or official committee of unsecured creditors in these cases.  [*See* Docket Report, *generally*].

3.      Garman Turner Gordon LLP ("GTG") is counsel of record for the Debtors. [ECF Nos. 1, 110, 111 (order pending)].

4.      The chief restructuring officer ("CRO") for the Debtors is Michael Silverman of Silverman Consulting, Inc.  [ECF Nos. 163, 164, 221].

5.      On December 30, 2025, the Debtors filed the current Motion which seeks an order authorizing and establishing procedures for interim compensation and reimbursement of expenses on a monthly basis as opposed to the procedures typically outlined in chapter 11 cases, *i.e.*, every 120 days, for GTG, the CRO, and any other professionals they retain under sections 327 and 328 (collectively, the "Professionals").  [ECF Nos. 237-239].

**ARGUMENT**

**A.      The Motion Should be Denied because the Debtors' Proposed Interim Compensation Procedure Does Not Satisfy the Test for Such Relief Set Forth in *Knudsen*.**

6.      "In general, professionals must file applications for compensation which are subject to a noticed hearing prior to the allowance or *payment* of fees."  *In re Knudsen Corp.*, 84 B.R. 668, 672 (B.A.P. 9th Cir. 1988) (emphasis in original).  The *Knudsen* court envisioned that

only in the "rare" case may post-petition payments be made to professionals prior to the allowance of their fees consistent with 11 U.S.C. § 331.  *Id.*  Other lower federal courts have also recognized that the failure to limit *Knudsen* to rare cases would essentially give rise to the exception swallowing the rule.  *See e.g., In re W&W Protection Agency, Inc.*, 200 B.R. 615, 622 (Bankr. S.D. Ohio 1996) ("If the Court did not limit the authorization of the payment procedure utilized by Chapter 11 debtors for their attorneys to the rare cases contemplated by *Knudsen*, the notice and hearing *prior* to allowance and disbursement requirement, as stated in Sections 330 and 331 of the Code, would be rendered virtually meaningless." (internal citation omitted)); *In re Perrysburg Marketplace Co.,* 176 B.R. 797, 800 (Bankr. N.D. Ohio 1994); *In re Genlime Group, L.P.*, 167 B.R. 453, 456 (Bankr. N.D. Ohio 1994); *In re Dandy Lion Inns of America*, 120 B.R. 1015, 1018 (D. Neb. 1990); *In re Shelley's, Inc.*, 91 B.R. 803, 807 (Bankr. S.D. Ohio 1988) ("In short, if, on the facts of this case, the Court were to approve the application and payment methodology sought by Debtor, the rare exception to the Code's compensation procedures, which the court articulated in *Knudsen*, clearly would swallow the general rule.")

7.    As explained by the Knudsen court, "rare" cases are those in which the court can make the following findings:

- The case is an *unusually large one* in which an exceptionally large amount of fees accrue each month;
- The court is convinced that waiting an extended period for such payment would place an *undue hardship* on counsel;
- The court is satisfied that counsel can respond to any reassessment in one or more of the ways listed above; and
- The fee retainer procedure is, itself, subject of a noticed hearing prior to any payment thereunder.

*In re Knudsen Corp.*, 84 B.R. 668, 672–73 (B.A.P. 9th Cir. 1988) (emphasis added).

8.    In *Knudsen*, each of these criteria were satisfied.  *Id.* at 673.  Particularly, the court found that monthly professional fees were in excess of $250,000 per month, and that a

secured creditor was funding those fees. *Id.* at 669, 672–73 n.6. Thus, because it was a "rare" case, the *Knudsen* court approved a monthly fee procedure that was analogous to a post-petition "evergreen" retainer.

9. Here, the Motion does not attempt to satisfy the first prong identified by the *Knudsen* court, that the Debtors' cases constitute an unusually large case for this District. Rather, the Motion offers two points: 1) that courts within this district have regularly entered orders approving procedures like the ones proposed by the Debtors, citing seven Nevada cases filed between 2006 through 2015, and 2) that nothing in the Bankruptcy Code prohibits the use of interim compensation procedures in smaller cases or by smaller firms. [ECF No. 237 at 6]. In addition, there is no evidence supporting the limited analysis as to the first prong discussed in *Knudsen*. [ECF No. 238].

10. Although it is true that courts within this District have approved interim compensation procedures, that does not relieve the Debtors of their burden to demonstrate that the interim compensation procedures proposed *in these cases* have met the legal requirements.[2]

11. Given the deficiencies identified as to the first prong of the *Knudsen* test, the Motion should be denied.

12. Next, the Motion barely attempts to establish that compliance with the default rule set forth in 11 U.S.C. § 331, permitting interim applications for compensation every 120

[2] The Debtors also rely on the decision of a federal court in *Commercial Consortium of Cal.*, 135 B.R. 120 (Bankr. S.D. Cal. 1991), in support of the Motion. [*See* ECF No. 237 at 6]. The court in *Commercial Consortium of Cal.*, as the *Knudsen* court recognized on two separate occasions in its opinion, indicated that interim compensation and fee retainer procedures like those at issue in *Knudsen* should be authorized only in *rare* cases. *Id.* at 671-672. Put simply, if interim compensation and fee retainer procedures like those requested in the Motion and that were at issue in *Knudsen* can be authorized in a case like the cases at bar, what was characterized by the *Knudsen* court as the exception will end up swallowing the rule and render the notice and hearing requirements of 11 U.S.C. § 331 virtually meaningless.

5

days, will work an *undue hardship* on the Professionals.  The Motion simply provides that these cases will "require a meaningful volume of professional work" and "the accrual of fees will unduly burden Debtors' Professionals if they are unable to receive regular compensation for their rendered services."  [*See* ECF No. 237 at 3; *see also* ECF No. 238 at 2].  The Motion neither avers that Professionals would be subjected to hardship as a result of having to apply for interim compensation on 120-day intervals; nor does the Motion provide enough admissible evidence on this point. [*See* ECF Nos. 237, 238].  Conclusory statements that simply recite the factors identified in *Knudsen* are insufficient to justify deviating from the Bankruptcy Code's established compensation procedures.  *See In re ICS Cybernetics, Inc*., 97 B.R. 736, 738 (Bankr. N.D.N.Y. 1989).

13.    Accordingly, the Motion fails to satisfy the second prong of the *Knudsen* test and should be denied.

14.    In addition, lower federal courts confronted with arguments similar to those advanced here through the Motion have rejected such arguments on at least two occasions.  *See In re W & W Protection Agency, Inc.*, 200 B.R. 615, 618-620 (Bankr. S.D. Ohio 1996); *see also In re Cal-Inland*, 124 B.R. 551, 553-556 (Bankr. D. Minn. 1991).  Both of these cases recognize that the Bankruptcy Code already provides professionals, like the GTG and the CRO, with various protections against nonpayment, like 11 U.S.C. §§ 503(b)(2), 507(a)(2), and 1129(a)(9)(A), among others.  *See In re Cal-Inland*, 124 B.R. at 554.[3]

---

[3]  The *Cal-Inland* court recognized that all constituencies in a bankruptcy face some measure of risk that a reorganization effort may fail.  *Id*. at 553.  In light of that recognition, as well as the protections built into the Bankruptcy Code that give professionals some measure of protection in the event that a reorganization effort fails, the *Cal-Inland* court stated, "The Courts have little business in creating new protections for Debtor's counsel—whose involvement and 'investment' in a chapter 11 case, unlike that of creditors, is completely voluntary."  *Id*. at 554.

15.     Here, the Debtors have demonstrated that they have the ability to marshal funds to cover a retainer as GTG billed and was *paid* $26,492.50 for pre-petition services and *currently holds* $323,507.50.  [*See* ECF No. 110 at 7 (¶ 17); *see also* ECF No. 111 at 6 (¶ 12 of the declaration of Teresa M. Pilatowicz)].  Similarly, upon entry of the Court's order approving the CRO's employment, the Debtors were required to pay a $50,000 retainer to the CRO.  [ECF No. 164 at 7 (CRO's declaration at ¶ 19 of the CRO's declaration)].

16.     The *Cal-Inland* court observed that the ability to retain counsel, both in and outside of bankruptcy, often turns on whether a prospective client can satisfy counsel's demands for compensation.  *Id.*  The ability of a debtor to satisfy such demands, in turn, provides some measure of insight into how suitable a given debtor is to the task of reorganization under chapter 11.  *See id.*

17.     It is clear the Debtors have been and are currently able to fund the prepetition retainer sufficient to meet the needs of both Professionals.  There has been no showing that the Professionals would by unduly burdened by having to apply for compensation in accordance with 11 U.S.C. § 331.

18.     Given that the Motion fails to satisfy the first two prongs of the *Knudsen* test, further discussion of the test is not necessary as Debtors' establishment of the final two factors is not sufficient to overcome its failure to establish the first two factors of the *Knudsen* test.

**B.     The U.S. Trustee's Response to the Proposed Order**

19.     Paragraph 16 of the Motion attempts to set forth procedures that would resolve any issues in the payment of fees.  [*See* ECF No. 237 at 4–5].  There are several statements as to what "shall" occur.  [*Id*].  The U.S. Trustee asserts that any "shall" should be replaced with "may" because the proposed order attached as Exhibit 1 expressly provides for the objection to

all interim and final allowance of compensation and a hearing and decision by the Court.  [*See also* ECF No. 237-1].  In other words, all funds, if allowed to be paid on a monthly basis after the procedures are stringently followed, would still be subject to objections on an interim or final basis as allowed by the Bankruptcy Code rendering any "shall" as meaningless.

## **RESERVATION OF RIGHTS**

The U.S. Trustee reserves all rights with respect to the Motion, including, but not limited to his right to take any appropriate action under Chapter 11 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the United States Bankruptcy Court for the District of Nevada should the Motion and related pleadings be amended or supplemented.

## **CONCLUSION**

**WHEREFORE**, the U.S. Trustee requests to Court to sustain this Objection; deny the Motion; and grant such other relief as is just under the circumstances.

Date: January 13, 2026                    Respectfully submitted,

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: */s/ Justin C. Valencia*
      Justin C. Valencia, Esq.
      Trial Attorney for the U.S. Trustee