Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
8488 Rozita Lee Avenue, Suite 400
Las Vegas, NV 89113
Tel:    702.949.8200

Michael W. O'Donnell (admitted *pro hac vice*)
Aimee Vidaurri (admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
Email: mike.odonnell@nortonrosefulbright.com
Email: aimee.vidaurri@nortonrosefulbright.com

Julie Harrison (admitted *pro hac vice*)
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: julie.harrison@nortonrosefulbright.com

*Attorneys for Creditors AICV S Heart Fillmore, L.L.C.,*
*AICV S Heart Workman, L.L.C., NL Ventures XII*
*Zarzamora, L.L.C., NL Ventures XII Delaware, L.L.C.*
*and NL Ventures XII Morton, L.L.C.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No. 25-16697-nmc |
| LAS VEGAS COLOR GRAPHICS, INC., | Chapter 11 |
| ☐ AFFECTS LAS VEGAS COLOR GRAPHICS, INC. | *Jointly Administered with:* |
| ☒ AFFECTS COLORART, LLC | ColorArt, LLC<br>Case No. 25-16701-nmc |
| ☐ AFFECTS BOTH DEBTORS | **MOTION FOR ENTRY OF AN ORDER ALLOWING AND COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF** |
| Debtors. | Hearing Date:    February 24, 2026<br>Hearing Time:    9:30 a.m. |

NL Ventures XII Zarzamora, L.L.C., NL Ventures XII Delaware, L.L.C., NL Ventures XII Morton, L.L.C., and AICV S Heart Fillmore, L.L.C, and AICV S Heart Workman, L.L.C. (collectively, "AIC") file this *Motion for Entry of an Order Allowing and Compelling Payment of Administrative Claim and Granting Related Relief* (the "Motion"), seeking entry of the proposed order (the "Order"), substantially in the form attached hereto, (i) allowing AIC an administrative expense claim for unpaid rent and related costs, (ii) compelling immediate payment thereof; and (iii) granting related relief.

This Motion is supported by the *Declaration of Michael J. Baucus in Support of AIC's Motion for Entry of an Order Allowing and Compelling Payment of Administrative Claim and Granting Related Relief* (the "Baucus Declaration"), submitted by AIC and filed concurrently herewith pursuant to Rule 9014(c) of the Local Rules of Bankruptcy Practice, the papers and pleadings on file herein, the memorandum of points and authorities set forth below, and any oral argument the Court may entertain at the hearing on the Motion.

In support of this Motion, AIC respectfully states as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  JURISDICTION, VENUE, AND AUTHORITY

The United States Bankruptcy Court for the District of Nevada (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory basis for the relief requested herein is found in section 365(d)(3) of title 11 of the United States Code (the "Bankruptcy Code").

### II.  BACKGROUND

Pre-petition, ColorArt, LLC (the "Debtor") and AIC entered into long-term leases to maintain occupancy and operation of certain properties located in Texas, Iowa, and Missouri (the "Properties") related to the Debtor's printing business. The leases include (collectively, and as amended, supplemented, or otherwise modified from time to time, the "Leases"):[1]

---

[1] True and correct copies of the Leases are attached to the Baucus Declaration as **Exhibit A.**

- 2 -

4903-2494-2985, v. 2

- Lease Agreement between AICV S Heart Workman, L.L.C. and ColorArt LLC dated as of September 29, 2022 regarding the premises located at 530 Workman Rd., Eureka, Saint Louis County, Missouri 63025 (the "Workman Lease");

- Lease Agreement between NL Ventures XII Zarzamora, L.L.C. and ColorArt LLC dated as of December 22, 2022 regarding the premises located at 5101 S. Zarzamora St., San Antonio, Bexar County, Texas 78211 (the "Zarzamora Lease");

- Lease Agreement between NL Ventures XII Delaware, L.L.C. and ColorArt LLC dated as of July 26, 2022 regarding the premises located at 2525 Delaware Ave, Des Moines, Polk County, Iowa 50317 (the "Delaware Lease")

- Lease Agreement between NL Ventures XII Morton, L.L.C. and ColorArt LLC dated as of July 26, 2022 regarding the premises located at 2701 Delaware Ave, Des Moines, Polk County, Iowa 50317 (the "Morton Lease"); and

- Lease Agreement between AICV S Heart Fillmore, L.L.C. and ColorArt LLC dated as of December 22, 2022 regarding the premises located at 101, 105, 109, 115, and 177, S. Fillmore St., Amarillo, Potter County, Texas 79101 (the "Fillmore Lease").

Over the course of the 20-year terms of the Leases, the Debtor agreed to pay to AIC more than $33 million in Basic Rent (as defined in the Leases) in addition to covering all net lease obligations. Under the terms of the Leases, the Debtor is required to pay Basic Rent in equal monthly installments in advance on the first day of each month.

The Leases are absolute net leases where, in addition to monthly rent obligations, the Debtor assumes full responsibility for all property-related expenses, including taxes, insurance, maintenance and repairs ("Additional Rent"). The Debtor is required to make periodic and continual financial reporting to AIC, including providing quarterly financial statements and certificates of compliance with loan covenants, at AIC's request. The Leases also require the Debtor to continually operate at the Properties. Failure to pay Basic Rent or Additional Rent, failure to timely provide financial statements, failure to maintain and insure the Properties, and failure to keep the properties free of liens and abandonment of any Property for a thirty (30) day period, each amount to a default under the Leases ("Event of Default"). If three Events of Default occur in a twelve (12) month period, the Leases provide that the Debtor's rights to notice and opportunity to cure are waived, and AIC may immediately resort to remedies upon default set forth in the Leases or otherwise available at law or equity.



4903-2494-2985, v. 2

The time period that the Debtor complied with the Leases was alarmingly short. The Debtor failed to pay Basic Rent in a timely fashion prompting AIC to send notices of default and related demands pre-petition, identifying numerous Events of Default (collectively, the "Defaults") that had occurred under the Leases, including:

- **Rent Default**: the Debtor was delinquent in paying the amounts due under the Leases for various months in 2025.

- **Deferred Maintenance Default**: the Debtor failed to perform deferred maintenance at the Properties in accordance with the Leases and applicable side letter agreements.

- **Abandonment Default**: the Debtor allowed several Properties to go dark and be abandoned for more than thirty (30) days in breach of the applicable Leases and has warned that several other Properties will go dark and be abandoned in the immediate future.

- **Insurance Default**: the Debtor failed to maintain required insurance on the Properties.

- **Lien Default**: the Debtor failed to keep the Properties free of liens, including mechanic's and materialman's liens and tax liens and seizures.

- **Financial Disclosure Default**: the Debtor failed to timely provide certain financial statements and information required by the Leases.

On November 5, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

On December 24, 2025, AIC and ColorArt entered into a *Stipulation by and Among ColorArt, LLC and AIC regarding the Rejection of Leases and Other Relief* [ECF No. 226] (the "Stipulation").

The Stipulation, among other things, provided that, upon entry of an order approving the Stipulation (the "Stipulation Order"), the Workman Lease, Zarzamora Lease, and Fillmore Lease (collectively, the "Rejected Leases") would each be deemed rejected pursuant to section 365 of the Bankruptcy Code. The Stipulation also provided that it would have no force or effect unless and until the Bankruptcy Court entered the Stipulation Order, and that the date of entry of the Stipulation Order would constitute the "Stipulation Effective Date." The Court entered the Stipulation Order on December 30, 2025 [ECF No. 232]. For the reasons set forth in this Motion, AIC submits that

- 4 -

4903-2494-2985, v. 2

it is entitled to payment of administrative rent for the Rejected Leases prior to the effective date of the rejection (*i.e.*, December 30, 2025).

On December 30, 2025, the Debtors filed their *Amended Omnibus Motion for Order Authorizing Debtors to Reject Non-Residential Real Property Leases, Nunc Pro Tunc, and Abandon Any Remaining Tangible Personal Property* [ECF No. 235] (the "Rejection Motion"), seeking to reject the Morton Lease, effective as of December 30, 2025. On January 13, 2026, AIC filed its objection to the Rejection Motion [ECF No. 265] (the "Objection"),[2] asserting, among other things, that the Morton Lease cannot be treated separately from the Delaware Lease because the two are fully integrated agreements that must be either both assumed or both rejected, and that any rejection of the Morton Lease must be effective no earlier than the date of the Court's order approving such rejection. For the reasons set forth in the Objection and in this Motion, AIC submits that it is entitled to payment of administrative rent for the Morton Property and the Delaware Property.

### III.   REQUEST FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

The Debtor failed to pay post-petition rent due for November 5 – November 30 (the "Stub Rent") for the Rejected Leases, failed to pay rent due for December 1 – 31, 2025 (the "December Rent") for the Rejected Leases and the Morton Lease, and failed to pay rent due for January 1 – 31, 2026 (the "January Rent" and together with the Stub Rent, the December Rent, and any future post-petition rent, the "Post-Petition Rent") for the Morton Lease and the Delaware Lease.

As of the filing of this Motion, the Debtor has not met its payment obligations for Post-Petition Rent under the Leases and owes no less than $249,253.06 for past due Post-Petition Rent, as shown in the chart below:

|  | Delaware | Fillmore | Morton | Workman | Zarzamora |
|---|---|---|---|---|---|
| **November Stub Rent** | $0.00 | $16,462.16 | $0.00 | $22,885.49 | $37,732.71 |
| **December Rent** | $0.00 | $18,994.80 | $21,369.58 | $26,406.34 | $43,537.74 |
| **January Rent** | $40,265.40 | $0.00 | $21,598.84 | $0.00 | $0.00 |
| **Total Post-Petition Rent Outstanding** | **$40,265.40** | **$35,456.96** | **$42,968.42** | **$49,291.83** | **$81,270.45** |

---

[2] AIC incorporates the Objection by reference for all purposes as if fully set forth herein.

- 5 -

4903-2494-2985, v. 2

AIC is entitled to an administrative expense claim for the unpaid Post-Petition Rent, and the Debtor should be compelled to pay such immediately.

Under section 365(d)(3), the Debtor is obligated to "timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." *See* 11 U.S.C. § 365(d)(3). "By providing for timely performance of all lease obligations, 'notwithstanding [§] 503(b)(1),' the statute has already granted priority payment status to the full amount of rent." *Towers v. Chickering & Gregory (In re Pacific-Atlantic Trading Co.)*, 27 F.3d 401, 404 (9th Cir. 1994).

Section 365(d)(3) unambiguously requires that "[u]ntil the [debtor] assumes or rejects an unexpired lease of real property, the [debtor] must perform obligations under that lease in accordance with 11 U.S.C. § 365(d)(3)." *Cukierman v. Uecker (In re Cukierman)*, 265 F.3d 846, 849 (9th Cir. 2001).

When the obligation is payment of rent, the trustee or debtor-in-possession's responsibility is to pay rent at the full rate specified under the lease; no separate valuation of benefit to the estate is necessary or appropriate. *Id.* at 850 ("claims arising under § 365(d)(3) are entitled to administrative priority even when they may exceed the reasonable value of the debtor's actual use of the property."); *see also In re Pacific Atlantic Trading Co.,* 27 F.3d at 405 (lessors of nonresidential real property are entitled to administrative expense claims for the full amount of rent during the 60-day pre-rejection period, regardless of the lease's fair and reasonable value to the bankruptcy estate).

The fact that the Debtor may have vacated certain of the Properties prior to the Petition Date is irrelevant. Courts have rejected arguments that possession is required for lease obligations to continue, stating that "the contractual rate of rent, rather than any measure of the value of the [debtor]'s actual use of the property, was entitled to administrative priority under § 365(d)(3)." *In re Cukierman*, 265 F.3d at 850.

Further, the obligation resulting in administrative expense priority status and treatment, extends to all obligations arising under an unexpired lease, including rent, taxes, and insurance.

- 6 -

4903-2494-2985, v. 2

"The statutory requirement [of § 365(d)(3)] that the trustee 'timely perform all the obligations . . . arising from and after the order for relief' does not appear to be limited to rent payment obligations." 3 Collier on Bankruptcy ¶ 365.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.); *see also In re Ames Department Stores, Inc.*, 306 B.R. 43, 72 (Bankr. S.D.N.Y. 2004) ("The Court sees no principled distinction between rental obligations and tax payment obligations, insofar as section 365(d)(3) requires such to be satisfied, or any indication that section 365(d)(3) creates different rules for obligations payable in advance or in arrears").

During the applicable post-petition period and prior to assumption or rejection of the Leases, the Debtor remained obligated under section 365 of the Bankruptcy Code to perform its rent payment obligations under the Leases.

Accordingly, the unpaid Post-Petition Rent claims qualify as administrative expenses pursuant to section 365(d)(3). *See In re The Leather Factory Inc.*, 475 B.R. 710, 714 (Bankr. C.D. Cal. 2012) ("I find that the rent for the days after the filing of the petition until the next lease payment is due are an administrative expense claim in a prorated amount of a full monthly lease payment."); *see also*, *e.g.*, *In re Sturgis Iron & Metal Co.*, 420 B.R. 716, 756 (Bankr. W.D. Mich. 2009) (debtor's obligation to pay "agreed upon rent" was "an actual and necessary expense of preserving the estate's rights under the lease."); *In re Go Fig, Inc.*, Case No. 08-40116-705, 2009 WL 537090, at *2 (Bankr. E.D. Mo. Feb. 5, 2009) ("[B]y operation of law, a landlord is entitled to allowance under § 503(b) of costs and expense incurred *according to the terms of the lease, whatever those terms happen to be*, regardless of whether the Court otherwise might judge their incurrence to have been non-beneficial to the estate.") (emphasis in original).

Further, without payment of the unpaid Post-Petition Rent regarding the Delaware Lease, AIC is effectively being forced to provide the Debtor with use of its property and enjoyment of tenant services without payment. While other post-petition vendors may choose whether to do business with the Debtor, AIC has in effect become an involuntary lender to the Debtor with a distinct risk of loss on the credit it is unwillingly extending. This is the very result that section 365(d)(3) prohibits. *In re Microvideo Learning Systems, Inc.*, 232 B.R. 602, 607-08 (Bankr. S.D.N.Y. 1999) (explaining that landlords are not meant to serve as the "unwilling underwriters"

4903-2494-2985, v. 2

of a debtor's reorganization); *see also In re Imperial Beverage Group, LLC*, 457 B.R. 490, 497 (Bankr. N.D. Tex. 2011) (observing that landlords, unlike other creditors who could simply choose to stop doing business with a debtor, are "stuck" with the debtor pending its decision to assume or reject a lease).

Accordingly, AIC requests that the Court allow AIC an administrative expense claim for the Post-Petition Rent and compel the Debtor to make immediate payment on such claim in accordance with section 365(d)(3), which requires timely performance. *See In re Shoot the Moon, LLC*, No. 15-60979-11, 2016 WL 1452671, at *6 (Bankr. D. Mt. Apr. 12, 2016) ("The Trustee's failure to pay immediately the lease obligations owing to Prime under the OTB Lease is inconsistent with the broad interpretation of § 365(d)(3) and clear holdings of the Ninth Circuit that § 365(d)(3) requires immediate payment under the lease.") (citations omitted).

## IV.   RESERVATION OF RIGHTS

AIC expressly reserves all rights, claims, defenses, causes of action, and remedies it may have against the Debtors or any other party, including, without limitation, the right to seek allowance and payment of additional administrative expense claims, rejection damages claims, and any other claims arising under the Leases or applicable law. AIC reserves the right to amend its request for allowance and payment of an administrative expense claim with respect to maintenance, repair, and other costs, if any. Nothing herein or in this Motion shall be deemed a waiver, release, or limitation of any such rights, all of which are expressly preserved.

## V.   CONCLUSION

Wherefore, AIC respectfully requests that the Court enter the Order (i) allowing an administrative expense claim in the amount of $249,253.06, (ii) directing and compelling the Debtors to pay such amounts promptly, and (iii) granting to AIC such other and further relief as the Court may deem just and proper.

. . .

. . .

. . .

. . .



4903-2494-2985, v. 2

DATED this 20th day of January, 2026.

        WOMBLE BOND DICKINSON (US) LLP

        By: */s/ Ogonna Brown*
           Ogonna Brown, Bar No. 7589
           Ogonna.Brown@wbd-us.com
        8488 Rozita Lee Avenue, Suite 400
        Las Vegas, NV 89113
        Tel.: 702.949.8200

           - and -

Michael W. O'Donnell (admitted pro hac vice)
Aimee Vidaurri (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
Email: mike.odonnell@nortonrosefulbright.com
Email: aimee.vidaurri@nortonrosefulbright.com

           - and -

Julie Harrison (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: julie.harrison@nortonrosefulbright.com

*Attorneys for Creditors AICV S Heart Fillmore, L.L.C., AICV S Heart Workman, L.L.C., NL Ventures XII Zarzamora, L.L.C., NL Ventures XII Delaware, L.L.C. and NL Ventures XII Morton, L.L.C.*



4903-2494-2985, v. 2

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 20th day of January, 2026, I caused to be served a true and correct copy of **MOTION FOR ENTRY OF AN ORDER ALLOWING AND COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF** in the following manner:

☒ (ELECTRONIC SERVICE) Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document (without exhibits, but exhibits are available upon request to Ogonna.Brown@wbd-us.com, Caitlin.Halm@wbd-us.com, or Renee.Creswell@wbd-us.com) for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐ (FACSIMILE) That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

*/s/ Renee L. Creswell*
An employee of Womble Bond Dickinson (US) LLP



4903-2494-2985, v. 2