RAHUL RAVIPUDI, ESQ.
Nevada Bar No. 14750
 rravipudi@panish.law
IAN SAMSON, ESQ.
Nevada Bar No. 15089
 isamson@panish.law
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943
 rross@panish.law
**PANISH | SHEA | RAVIPUDI LLP**
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 702.560.5520
*Attorneys for Creditor Javier Padilla*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

\* \* \* \* \* \*

| | |
|---|---|
| In re:<br><br>LAS VEGAS COLOR GRAPHICS, INC.<br><br>AFFECTS THIS DEBTOR ☐<br><br>AFFECTS COLORART, LLC, ☐<br><br>AFFECTS BOTH DEBTORS ☒<br><br>Debtors, | Bankruptcy No.   25-16697-NMC<br>Chapter: 11<br><br>*Jointly Administered with:*<br>ColorArt, LLC<br>Case No. 25-16701-nmc<br><br>**CREDITOR JAVIER PADILLA'S LIMITED OPPOSITION TO DEBTORS' APPLICATION TO EMPLOY AUCTIONEER TO CONDUCT AUCTION OF CERTAIN OF DEBTORS' EQUIPMENT AND APPROVE SALE OF EQUIPMENT**<br><br>Hearing Date: February 17, 2026<br>Hearing Time: 9:30 a.m. |

Creditor, JAVIER MAYORGA PADILLA, by and through his undersigned counsel of the law firms PANISH | SHEA | RAVIPUDI LLP**,** hereby files his Opposition to Application to Employ Auctioneer to Conduct Auction of Certain of Debtors' Equipment and Approve Sale of Equipment.

///

///

1  This Limited Opposition is based on the following memorandum of points and authorities,
2 the attached exhibits, all pleadings and records on file herein, and any argument the Court may
3 permit.

4  DATED this 13th day of February, 2026.

**PANISH | SHEA | RAVIPUDI LLP**

By /s/ Racheal A. Ross, Esq.
RAHUL RAVIPUDI, ESQ.
Nevada Bar No. 14750
IAN SAMSON, ESQ.
Nevada Bar No. 15089
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943

*Attorneys for Creditor Javier Padilla*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Creditor, Javier Padilla ("Mr. Padilla") files a limited opposition to the Application to Auction Equipment with respect to only one item. Mr. Padilla has a personal injury claim pending in the Eighth Judicial District of Nevada. ***See* Ex. 1, Complaint.** Mr. Padilla was injured while on the property operated by Las Vegas Color Graphics, Inc. ("LVCG") when a person drove LVCG's forklift into Mr. Padilla, pinning him against a nearby truck. ***See id.* at ¶¶ 9, 27-37.** As a result, Mr. Padilla fractured his pelvis, among other injuries. *Id.* **at ¶ 37.** LVCG is a party to that underlying lawsuit as a defendant.

The Application seeks to sell many items and appears to list several pieces of equipment that could be the forklift at issue in Mr. Padilla's personal injury suit. Since Mr. Padilla was unable to conduct discovery on the forklift prior to the Bankruptcy stay being affected in his lawsuit, Mr. Padilla does not know whether the forklift at issue is listed for sale in the Debtor's pending application. However, several items listed in Exhibit A to the Auctioneer Agreement, including the Crown RR5725-35 Lift Truck, Toyota 42-6FGU25 Lift Truck, Hyster H50CT Lift Truck . ***See* ECF 306-1, Ex. A at pp. 10, 16.** Mr. Padilla seeks herein an order compelling LVCG to identify the forklift at issue and to inspect the forklift at issue in his personal injury lawsuit before it is sold in the auction.

**II.    LEGAL AUTHORITY AND ARGUMENT**

Once litigation commences, a party has a duty to preserve evidence that a party knows or should know is relevant to a claim or defense of any party, or that may lead to the discovery of relevant evidence. *Bass-Davis v. Davis*, 122 Nev. 442 (2006). Federal courts applying Nevada law have emphasized that once a party reasonably anticipates litigation, it must "suspend its routine document retention/destruction policy and put in place a 'litigation hold' to ensure the preservation of relevant documents." *Small v. University Medical Center*, 2018 WL 3795238, *60 (D. Nev. Aug. 9, 2018 2018). This affirmative duty requires corporate officers or agents with notice of discovery obligations to communicate those obligations to employees possessing discoverable materials. *See id.*

3

According to § 363(e), "Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest. This subsection also applies to property that is subject to any unexpired lease of personal property (to the exclusion of such property being subject to an order to grant relief from the stay under section 362)."

LVCG has been on notice of Mr. Padilla's claim since it was served with Mr. Padilla's Complaint on April 29, 2025. *See* **Ex. 2, Affidavit of Service.** As of that date LVCG had a duty to preserve evidence, like the forklift from spoliation. The sale of the forklift will undoubtedly constitute the destruction of evidence central to Mr. Padilla's personal injury suit. Principals of equity and fairness require that the sale of the forklifts identified be halted until such a time as (1) LVCG can identify which forklift was used during Mr. Padilla's injury, and (2) Mr. Padilla can conduct a reasonable inspection of the forklift. Mr. Padilla respectfully requests that the Court modify the Auction Agreement to remove the identified forklifts from the sale schedule, or to halt the sale until an inspection can take place.

### III. CONCLUSION

For all the foregoing, Mr. Padilla respectfully requests this Court Order that LVCG identify the forklift at issue modify the Auction Agreement to allow Mr. Padilla to inspect the property at issue.

DATED this 13th day of February, 2026.

**PANISH | SHEA | RAVIPUDI LLP**

By */s/ Racheal A. Ross, Esq.*
RAHUL RAVIPUDI, ESQ.
Nevada Bar No. 14750
IAN SAMSON, ESQ.
Nevada Bar No. 15089
RACHEAL A. ROSS, ESQ.
Nevada Bar No. 14943

*Attorneys for Creditor Javier Padilla*

4