# EXHIBIT 1

Electronically Filed
7/7/2025 6:50 PM
Steven D. Grierson
CLERK OF THE COURT

**ACOM**
RAHUL RAVIPUDI
Nevada Bar No. 14750
   *ravipudi@panish.law*
IAN SAMSON
Nevada Bar No. 15089
   *isamson@panish.law*
RACHEAL A. ROSS
Nevada Bar No. 14943
   *rross@panish.law*

**PANISH | SHEA | RAVIPUDI LLP**
300 South 4th Street, Suite 710
Las Vegas, Nevada 89101
Telephone: 702.560.5520

BRIAN E. LUNT, ESQ.
Nevada Bar No. 11189
**ED BERNSTEIN INJURY LAWYERS**
10801 W. Charleston Blvd., Suite 520
Las Vegas, Nevada 89135
Tel: (702) 471-5624
Fax: (702) 385-4640
E-Mail: blunt@edbernstein.com

*Attorneys for Plaintiff*

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

| | |
|---|---|
| JAVIER MAYORGA PADILLA, an individual;<br><br>        Plaintiff,<br>vs.<br><br>ROMANS TRANSPORT, LLC, a domestic limited-liability company; LAS VEGAS COLOR GRAPHICS, INC., a domestic corporation; KNUDSEN LVCG, LLC, a domestic limited-liability company; ROBERT MARTINEZ, an individual; BE TRANSPORT, a foreign corporation; DOES I through X, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>        Defendants. | Case No.   A-25-917410-C<br>Dept. No.: 28<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL REQUESTED**<br><br>**EXEMPT FROM ARBITRATION<br>(Amount in Controversy Exceeds $50,000)** |

/ / /

**COMPLAINT FOR DAMAGES**

Plaintiff, JAVIER MAYORGA PADILLA, by and through his attorneys of record, hereby demand a trial by jury and complains and alleges against Defendants as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff Javier Mayorga Padilla ("Plaintiff"), an individual, is and was at all times relevant herein a citizen of Nevada.

2. Defendant Romans Transport, LLC ("Romans"), is a domestic limited-liability company organized under the laws of the State of Nevada.

3. Romans' physical address is and was at all relevant times herein 3450 North Lamb Blvd., Ste. 110 Las Vegas, NV 89115-2968.

4. At all relevant times herein, Romans is and was licensed as an interstate motor carrier with the United States Department of Transportation ("US DOT"), DOT #3658870.

5. At all relevant times herein, Romans is and was subject to all US DOT rules and regulations.

6. 3450 North Lamb Blvd., Ste. 110 Las Vegas, NV 89115-2968 is located within Clark County, Nevada.

7. At all relevant times herein, Defendant, Be Transport ("Be Transport"), is and was a California general stock Corporation.

8. At all relevant times herein, Be Transport is and was licensed as an interstate motor carrier with the US DOT, DOT #1670608.

9. At all relevant times herein, Be Transport is and was subject to all US DOT rules and regulations.

10. Defendant Robert Martinez ("Martinez"), an individual, is and was, on information and belief, at all times relevant herein, a citizen of Nevada.

11. Defendant, Las Vegas Color Graphics, Inc. ("LV Color"), is and was a domestic corporation organized under the laws of the State of Nevada.

12. LV Color's physical address is and was at all relevant times herein 4265 W. Sunset Road, Las Vegas, NV 89118 ("Location of the Incident").

13. The Location of the Incident is located in Clark County, Nevada.

14. At all times relevant herein, Martinez was under the supervision, direction, and control of Romans and/or Be Transport.

15. At all times relevant herein, Martinez was the employee of Romans and/or Be Transport.

16. Defendant, Knudsen LVCG, LLC ("Knudsen") is a domestic limited-liability company licensed and doing business in the State of Nevada.

17. At all times relevant herein, Knudsen is the owner, operator, controller, and/or manager of the Location of the Incident.

18. Upon information and belief, each of the Defendants sued herein as Defendants DOES I-X, inclusive, are responsible in some manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to Plaintiff as alleged herein; that when the true names and capacities of such defendants become known, Plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

19. Upon information and belief, each of the Defendants sued herein as ROE ENTITIES I-X, inclusive, are responsible in same manner for the events and happenings herein referred to, which thereby proximately caused the injuries and damages to Plaintiff as alleged herein; that when the true names and capacities of such defendants become known, Plaintiff will ask leave of this Court to amend this complaint to insert the true names, identities and capacities together with proper charges and allegations.

20. Each of the Defendants described in paragraphs 2-16 are referred to collectively as "Defendants."

21. At all relevant times, Defendants, and each of them, were the agents, ostensible agents, servants, employees, employers, partners, co-owners and/or joint venturers of each other and of their co-defendants, and were acting within the color, purpose and scope of their employment, agency, ownership and/or joint ventures and by reason of such relationships with defendants, and each of them, are vicariously and jointly and severally responsible and liable for the acts and/or

3

omissions of their co-defendants.

22. At all times that it is alleged herein that any Defendant named herein acted negligently, recklessly, maliciously, oppressively, and/or with conscious disregard, it is alleged that said Defendant's actions were known, ratified, directed, and/or otherwise condoned by each other Defendant.

23. At all times relevant herein, Martinez was an employee of Romans and/or Be Transport.

24. At all times relevant herein, Martinez was acting within the course and scope of his employment with Romans and/or Be Transport.

25. The Court has personal jurisdiction over the Defendants pursuant to 14.065, as the Defendant(s) have engaged in tortious conduct, aimed at the Plaintiff, within Clark County, Nevada and exercising jurisdiction is not inconsistent with the Constitution of the State of Nevada or the Constitution of the United States.

26. Jurisdiction is proper pursuant to Article 6, Section 6 of the Nevada Constitution and NRS 4.370(2) because the amount in controversy exceeds $15,000.00.

27. Venue is proper pursuant to NRS 13.040 in Clark County because at least one of the Defendants resides in Clark County, Nevada.

28. This Court has subject matter jurisdiction over this matter pursuant to NRS 4.370(1), as the matter in controversy exceeds $15,000.00, exclusive of attorneys' fees, interest, and costs.

## GENERAL ALLEGATIONS

29. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

30. On or about June 29, 2023, Plaintiff was at the Location of the Incident.

31. At said time and place, a forklift vehicle ("Forklift") owned and/or controlled by LV Color was present near the area where Plaintiff was located.

32. At all relevant times herein, Knudsen had knowledge of the Forklift's presence on the Location of the Incident.

33. At all relevant times herein, Knudsen did nothing to warn persons on the property or

4

to make the Location of the Incident safe from the Forklift.

34. At all relevant times herein, the Forklift constituted a dangerous condition on the premises.

35. At said time and place, LV Color made its Forklift available for operation by Martinez, either by giving its express or implied permission to Martinez to drive the Forklift.

36. At said time and place, Martinez was also at the Location of the Incident and was engaged in his job duties within the course and scope of his employment and at all times under the supervision and direction of Romans and/or Be Transport.

37. At all relevant times herein, LV Color knew or should have known that Martinez was unfit, inexperienced, and/or otherwise incompetent to operate the Forklift.

38. At all relevant times herein, Romans and/or Be Transport knew or should have known that Martinez was unfit, inexperienced, and/or otherwise incompetent to operate the Forklift.

39. At this time and place, Martinez negligently and/or recklessly drove the Forklift into Plaintiff, striking him and crushing him between the Forklift and a truck ("Subject Crash").

40. The force of the impact and crushing of the Subject Crash caused Plaintiff various serious bodily injuries.

41. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered serious, permanent, and disabling injuries, all to his noneconomic damage in a sum in excess of fifteen thousand dollars ($15,000.00).

42. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred and will incur economic damages, including, but not limited to, medical expenses, loss of earnings and/or loss of earning capacity, and loss of household services in a sum in excess of fifteen thousand dollars ($15,000.00).

43. As a direct and proximate result of the aforementioned negligence of defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

///

///

5

**FIRST CLAIM FOR RELIEF**

**(Negligence Against Defendants Knudsen, Romans, Be Transport, Martinez, DOES I-X and ROES I-X)**

44. Plaintiff repeats and realleges each and every allegation of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

45. Knudsen, DOES I-X and ROES I-X owed Plaintiff a duty of care to keep its premises safe from and/or warn Plaintiff of known and/or reasonably foreseeable hazards located at the Location of the Incident.

46. Knudsen, DOES I-X and ROES I-X breached their duties by failing to keep the premises safe from the unsafe operation of the Forklift and/or to warn Plaintiff of the danger of the Forklift.

47. Knudsen's, DOES I-X's and ROES I-X's breaches are a legal cause of Plaintiff's damages.

48. Martinez, DOES I-X and ROES I-X owed Plaintiff a duty of care to operate the Forklift in a reasonable and safe manner.

49. Martinez, DOES I-X and ROES I-X breached that duty by failing to reasonably and safely operate the Forklift as alleged herein.

50. Martinez's, DOES I-X's and ROES I-X's breaches are a legal cause of Plaintiff's damages.

51. The above-described negligence caused the Subject Crash alleged herein to occur.

52. Romans, Be Transport, and/or DOES I-X and ROES I-X are vicariously liable pursuant to the doctrine of *respondeat superior* and NRS 41.130 for the negligence of Martinez because that negligence occurred within the course and scope of Martinez's employment with Romans, Be Transport, and/or DOES I-X and ROES I-X.

53. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered serious, permanent, and disabling injuries, all to his noneconomic damage in a sum in excess of fifteen thousand dollars ($15,000.00).

54. As a direct and proximate result of the negligence of Defendants, and each of them,

6

1 Plaintiff has incurred and will incur economic damages, including, but not limited to, medical
2 expenses, loss of earnings and/or loss of earning capacity, and loss of household services in a sum
3 in excess of fifteen thousand dollars ($15,000.00).

4     55. As a direct and proximate result of the aforementioned negligence of Defendants, and
5 each of them, Plaintiff has been required to engage the services of an attorney, incurring attorneys'
6 fees and costs to bring this action.

## SECOND CLAIM FOR RELIEF

**(Negligent Hiring, Training, Retention, and Supervision Against Romans, Be Transport, DOES I-X and ROES I-X)**

10     56. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs
11 of the Complaint as though fully set forth herein and incorporates the same herein by reference.

12     57. Defendants Romans, Be Transport, DOES I-X and ROES I-X, and each of them,
13 owed a duty of care to Plaintiff to exercise due care in hiring, training, retaining, and supervising
14 Martinez.

15     58. Defendants Romans, Be Transport, DOES I-X and ROES I-X, and each of them,
16 owed a duty of care to Plaintiff to ensure Martinez was competent to perform his duties as an operator
17 of the Forklift.

18     59. Defendants Romans, Be Transport, DOES I-X and ROES I-X, and each of them,
19 breached their duty by hiring Martinez.

20     60. Defendants Romans, Be Transport, DOES I-X and ROES I-X, and each of them,
21 breached their duty by inadequately and inappropriately training Martinez.

22     61. Defendants Romans, Be Transport, DOES I-X and ROES I-X, and each of them,
23 breached their duty by retaining Martinez even though he was unfit.

24     62. Defendants Romans, Be Transport, DOES I-X and ROES I-X, and each of them,
25 breached their duty by failing to properly supervise Martinez.

26     63. Said Defendants' breaches were a legal cause of Plaintiff's injuries.

27     64. Defendants Romans, Be Transport, DOES I-X and ROES I-X, and each of them,
28 expressly authorized or ratified the wrongful acts and/or omissions of Martinez which caused injuries

7

to Plaintiff.

65. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered serious, permanent, and disabling injuries, all to his noneconomic damage in a sum in excess of fifteen thousand dollars ($15,000.00).

66. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred and will incur economic damages, including, but not limited to, medical expenses, loss of earnings and/or loss of earning capacity, and loss of household services in a sum in excess of fifteen thousand dollars ($15,000.00).

67. As a direct and proximate result of the aforementioned negligence of Defendants, and each of them, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

## THIRD CLAIM FOR RELIEF

### (Negligent Entrustment against LV Color, DOES I-X and ROES I-X)

68. Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

69. Defendants LV Color, DOES I-X and ROES I-X owed a duty of care to Plaintiff.

70. Defendants LV Color, DOES I-X and ROES I-X breached that duty by knowingly entrusting a vehicle to an inexperienced or incompetent person, namely Martinez.

71. Said breaches were a legal cause of Plaintiff's injuries as described herein.

72. Because of said breaches, Plaintiff suffered damages as described herein.

73. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff suffered serious, permanent, and disabling injuries, all to his noneconomic damage in a sum in excess of fifteen thousand dollars ($15,000.00).

74. As a direct and proximate result of the negligence of Defendants, and each of them, Plaintiff has incurred and will incur economic damages, including, but not limited to, medical expenses, loss of earnings and/or loss of earning capacity, and loss of household services in a sum in excess of fifteen thousand dollars ($15,000.00).

75. As a direct and proximate result of the aforementioned negligence of Defendants, and

8

each of them, Plaintiff has been required to engage the services of an attorney, incurring attorneys' fees and costs to bring this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For a judgment in favor of Plaintiff and against Defendants, and each of them, on the Complaint and all claims for relief asserted therein;

2. For an award of general and special damages each in an amount in excess of $15,000.00 to be proven at trial;

3. For an award of reasonable attorneys' fees and costs incurred in this action;

4. For an award of prejudgment and post-judgment interest at the highest legal rate thereon; and

5. For any such other and further relief as this Court may deem just and proper.

DATED this 7th day of July, 2025.

**PANISH SHEA RAVIPUDI LLP**

By /s/ Racheal A. Ross, Esq.
RAHUL RAVIPUDI
Nevada Bar No. 14750
IAN SAMSON
Nevada Bar No. 15089
RACHEAL A. ROSS
Nevada Bar No. 14943
*Attorneys for Plaintiff*

9

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all causes of action in this matter.

DATED this 7th day of July, 2025.

                **PANISH SHEA RAVIPUDI LLP**

By */s/ Racheal A. Ross, Esq.*
    RAHUL RAVIPUDI
    Nevada Bar No. 14750
    IAN SAMSON
    Nevada Bar No. 15089
    RACHEAL A. ROSS
    Nevada Bar No. 14943
    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that I am an employee of PANISH | SHEA | RAVIPUDI LLP and that on July 7, 2025, I caused the foregoing **FIRST AMENDED COMPLAINT**, to be served pursuant to N.E.F.C.R. as follows:

James P. Silvestri, Esq.
Pyatt & Silvestri
7670 W. Lake Mead Blvd., Suite 250
Las Vegas, NV 89128
*Attorneys for Defendants*
*Las Vegas Color Graphics and Knudsen LVCG, LLC*

                                          */s/ Racheal A. Ross, Esq.*
                                          Employee of PANISH | SHEA | RAVIPUDI LLP