_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
March 26, 2026

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
*Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>LAS VEGAS COLOR GRAPHICS, INC.,<br><br>　　AFFECTS LAS VEGAS COLOR<br>　　GRAPHICS, INC. ☐<br><br>　　AFFECTS COLORART, LLC ☐<br><br>　　AFFECTS BOTH DEBTORS ☒<br><br>　　　　Debtors. | Lead Case No.: 25-16697-nmc<br><br>Chapter 11<br><br>*Jointly administered with:*<br><br>ColorArt, LLC<br><br>Case No. 25-16701-nmc<br><br>Hearing Date:　March 24, 2026<br>Hearing Time:　10:30 a.m. |

**ORDER (I) APPROVING BID PROCEDURES RELATING TO SALE OF DEBTORS'
ADVERTEX CONTRACT ASSETS; (II) SCHEDULING A HEARING TO CONSIDER
THE SALE; (III) APPROVING THE FORM AND MANNER OF NOTICE OF SALE BY
AUCTION; AND (IV) GRANTING RELATED RELIEF**

Debtors and debtors-in-possession Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together, the "Debtors"), by and through their undersigned counsel, having filed their *Motion For Entry of Orders: (A)(I) Approving Bid Procedures Relating To Sale of Debtors' Advertex Contract Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale By Auction; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Debtors' Advertex Contract Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* ("Bid Procedures Motion") [ECF No. 385],[1] which was heard and considered by the Court on March 24, 2026, at 10:30 a.m. (the "Hearing"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing. The Court read and considered the Bid Procedures Motion brought pursuant to Sections 105, 363, 365, 1107, and 1108 of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada ("Local Rules"). The Court's findings and conclusions of law placed on the record at the Hearing are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052. It appearing that the relief requested in the Bid Procedures Motion is in the best interest of the Debtors' bankruptcy Estates, their creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      Notice of the Bid Procedures Motion was adequate and sufficient under the circumstances of these Chapter 11 Cases, and such notice complied with all applicable

---

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Bid Procedures attached hereto, and in the Bid Procedures Motion, in that sequence.

requirements of Sections 102 and 363 of the Bankruptcy Code; Bankruptcy Rules 2002, 6004, 6006, 9007, and 9014; and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.    Every objection to the relief requested in the Bid Procedures Motion that has not been withdrawn, waived, or settled as stated in documents filed with the Court or on the record at the Hearing, is overruled.

D.    The Debtors have articulated good and sufficient reasons for, and the best interests of Debtors' Estates, creditors, and other parties-in-interest will be served by, this Court granting the relief requested in the Bid Procedures Motion, including approval of the Bid Procedures and the form, timing, and manner of notice of the proposed Sale, Auction, Bid Procedures, and the other matters described herein and in the Bid Procedures Motion.

E.    The *Advertex Bid Procedures* attached hereto as **Exhibit "1"** (the "Bid Procedures") are reasonable and appropriate under the circumstances of the Chapter 11 Cases. The Debtors are authorized to take any and all action necessary and appropriate to implement the Bid Procedures.

F.    The *Notice of Advertex Bid Procedures, Auction, and Sale Hearing* substantially in the form attached hereto as **Exhibit "2"** (the "Advertex Auction Notice") is reasonably calculated under the circumstances of these Chapter 11 Cases to provide parties-in-interest with proper notice of the Sale of the 363 Assets, the related Bid Procedures, the Auction, Sale Hearing, and the related implications on creditors and other parties-in-interest.

G.    The *Notice to Counterparties to Executory Contracts and Unexpired Leases* substantially in the form attached hereto as **Exhibit "3"** (the "Contracts Notice") is reasonably calculated under the circumstances of these Chapter 11 Cases to provide parties-in-interest with proper notice of the Sale of the 363 Assets, the related Bid Procedures, the Sale Hearing, the assumption of certain leases and executory contracts, and the related implications on creditors and other parties-in-interest.

H.    The *Notice of Potential Assumption and Assignment to Counterparties to Executory Contracts and Unexpired Leases* substantially in the form attached hereto as **Exhibit**

3

"**4**" (the "Potential Assumption Notice") is reasonably calculated under the circumstances of these Chapter 11 Cases to provide parties-in-interest with proper notice of the Sale of the 363 Assets, the related Bid Procedures, the Sale Hearing, the potential for the assumption of certain leases and executory contracts, and the related implications on creditors and other parties-in-interest

I.    The Debtors have articulated good and sufficient reasons for, and the best interests of Debtors' Estates and other parties-in-interest will be served by, this Court scheduling a Sale Hearing to consider entry of the Sale Order, including approval of the Sale of the 363 Assets free and clear of all liens, claims, encumbrances, and interests pursuant to Section 363(f) of the Bankruptcy Code.

J.    Any finding of fact that would more appropriately be described as a conclusion of law shall be deemed to be conclusion of law, and vice versa.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, CONCLUDED, AND DECREED AS FOLLOWS:**

1.    The relief requested in the Bid Procedures Motion is granted as set forth in this Order.

2.    The Bid Procedures, which are attached hereto as **Exhibit "1"** and incorporated herein by this reference, are hereby approved in all respects and shall govern all Bids and Bid proceedings and the Auction procedures relating to the Sale of the 363 Assets.

3.    The Advertex Auction Notice attached hereto as **Exhibit "2"** is approved in its entirety.

4.    The Contracts Notice attached hereto as **Exhibit "3"** is approved in its entirety.

5.    The Potential Assumption Notice attached hereto as **Exhibit "4"** is approved in its entirety.

6.    The proposed Sale of the 363 Assets, the Auction, and the Sale Hearing shall be conducted in accordance with the provisions of the Bid Procedures and this Order.

7.    The failure specifically to include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being

4

the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

8.    Within one (1) business day following the entry of this Order, the Debtors shall serve by ECF or first-class mail, the Bid Procedures Order, the Advertex Auction Notice, the Contracts Notice, and the Potential Assumption Notice on: (i) the Office of the United States Trustee; (ii) all parties known by the Debtors to be asserting a lien on any of the 363 Assets; (iii) the Internal Revenue Service; (iv) all counterparties to executory contracts or unexpired leases of the Debtors which may be 363 Assets or may potentially be assumed and assigned in connection with the Sale of the 363 Assets; and (v) all of Debtors' known creditors, equity security holders, and other parties-in-interest entitled to notice under Bankruptcy Rule 2002(a).

9.    The Debtors shall promptly advise any bidder of the Debtors' determination that said bidder(s) has not met the requirements to be a Qualified Bidder and is therefore precluded from bidding at the Auction.  To the extent that any party objects to a bidder not being designated a Qualified Bidder, that party shall file such objection with the Court and notify counsel for the Debtors of the objecting party's request for an immediate hearing to address the objection at a hearing that is conducted at least two (2) business days in advance of the Auction.

10.    Any other objections to the relief requested at the Sale Hearing or to the proposed form of order attached as Exhibit "B" to the Bid Procedures Motion (the "Sale Order") shall be in writing, shall state the basis of such objection with specificity, and shall be filed with the Court on or before **12:00 p.m. prevailing Pacific Time on April 3, 2026**, and served in accordance with the Advertex Auction Notice so as to be received by Debtors' counsel by that deadline.

11.    Compliance with the notice provisions set forth in this Order constitutes appropriate and sufficient notice of the Debtors' proposed Sale of the 363 Assets, the contemplated assumption and assignment of the Assumed Contracts, and the proposed Cure Amounts, and no additional notice of such contemplated transactions need be given.

12.    The failure of any objecting person or entity to timely file its objection shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Bid Procedures Motion, or to the consummation and performance of the Sale of the 363 Assets.

13.    Unless expressly set forth herein, all time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

14.    Notwithstanding the possible applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.    The Debtors are authorized and empowered to take such steps, expend such sums of money, and do such other things as may be necessary to implement and effect the terms and requirements established by and in and the relief granted in this Order.

16.    The Debtors shall work with their professionals in these Chapter 11 Cases when effectuating the terms and selecting the Prevailing Bidder, if any.  The Debtors and the Prevailing Bidder shall ensure they follow all applicable federal and state laws when protecting personally identifiable information to the extent any is implicated by the Sale of the 363 Assets.

17.    The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation of this Order.

18.    Any conclusion of law that would more appropriately be described as finding of fact shall be deemed to be finding of fact, and vice versa.

19.    The United States Trustee reserves the rights to object at any stage of this process, which reservation is approved by the Court.

**IT IS SO ORDERED**.

PREPARED AND SUBMITTED:

GARMAN TURNER GORDON LLP

By: /s/ *Teresa M. Pilatowicz*
       GREGORY E. GARMAN, ESQ.
       TERESA M. PILATOWICZ, ESQ.
       MARY LANGSNER, Ph.D.
       7251 Amigo Street, Suite 210
       Las Vegas, Nevada 89119
       *Counsel to the Debtors*

6

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court waived the requirement of approval under LR 9021(b)(1).

☐      No party appeared at the hearing or filed an objection to the motion.

☐      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Justin C. Valencia, Esq.                   APPROVED
*Counsel for the United*
*States Trustee*

Stephanie Hor-Chen, Esq.              APPROVED
Gabrielle Hamm, Esq.
*Counsel for Aequeem Capital*
*Financial II, LLC*

Mark Weisenmiller, Esq.                APPROVED
*Counsel for Accent Group Solutions*

☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###

7

# EXHIBIT 1

# EXHIBIT 1

## ADVERTEX BID PROCEDURES

These bid procedures (the "Bid Procedures") set forth the process by which the Debtors and debtors-in-possession Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together with LVCG, the "Debtors" or "Seller") shall market and sell the 363 Assets (as defined below) owned by their bankruptcy estates to interested parties and conduct a sale by public auction (the "Auction").

On March 12, 2026, the Debtors filed their *Motion For Entry of Orders: (A)(I) Approving Bid Procedures Relating To Sale of Debtors' Advertex Contract Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale By Auction; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Debtors' Advertex Contract Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* (the "Bid Procedures Motion") [ECF No. 385] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court"). On March 24, 2026, the Bankruptcy Court entered its order approving the Bid Procedures Motion (the "Bid Procedures Order"),[1] thereby approving these Bid Procedures and establishing the time and date of the hearing to approve the sale of Debtors' 363 Assets (the "Sale Hearing").

In accordance with the Bid Procedures, the Debtors will solicit bids ("Bids") to determine, in consultation with the Lender,[2] the highest or otherwise best offer for the sale of Debtors' 363 Assets at the Auction under the provisions of Title 11 of the United States Code (the "Bankruptcy Code"), which sale ("Sale") shall be free and clear of liens, claims, encumbrances, and interests to one or more Qualified Bidder(s) (as defined herein) that are determined to have made the highest or otherwise best offer(s) in accordance with the Bid Procedures (the "Prevailing Bidder(s)"; the related Bid(s), the "Prevailing Bid(s)").

In an effort to obtain the highest and best offer, the Debtors have designed a process by which (i) Potential Bidder(s) (as defined herein) may submit Bids, and in the event more than one Qualified Bid is received for the 363 Assets then Qualified Bidders may thereafter participate at the Auction.

Potential Bidders seeking information about due diligence or qualification processes should contact:

---

[1] Capitalized terms not otherwise defined in these Bid Procedures shall have the meanings ascribed to them in the Bid Procedures Order and Bid Procedures Motion, in that sequence.

[2] To the extent the Lender (or any of its successors or assigns) participates in the Auction or Sale as a Qualifying Bidder (via credit bid or otherwise), all selections, decisions, evaluations, analyses, and determination of all Bids will remain the sole discretion of Debtors, in all respects, notwithstanding any other provision of these Bid Procedures. However to the extent the Lender (and all of its successors and assigns) does not participate in the Auction or Sale as a Qualifying Bidder, references herein to the Debtors having sole discretion or any other discretion shall be read to include the Debtors exercising such discretion, selection, decisions, evaluations, analyses, and/or determinations in consultation with the Lender.

Garman Turner Gordon LLP
Attn: Teresa M. Pilatowicz, Esq.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Phone: (725) 777-3000
Email: tpilatowicz@gtg.legal

## A.    363 Assets for Sale.

Subject to the approval of the Bankruptcy Court, the following assets will be sold "as-is," where-is" and "with all faults" at the Auction.  The Debtors were some of the nation's largest printers, delivering custom print, marketing, and logistics solutions, with clients ranging from Fortune 100 companies to local and regional small businesses, and they are selling all of Debtors' right, title, and interest in, to, and under, and all rights of every kind and nature and wherever located which relate to, or are used or held for use in connection with, the following contractual relationship between ColorArt, LLC and Advertex Communications, Inc. dba Macy's Visual Marketing ("Advertex Contract"; collectively with all ancillary and/or requisite contracts appurtenant thereto, the "363 Assets")  free and clear of all claims, liens, encumbrances, and interests to the fullest extent contemplated by Section 363(f) of the Bankruptcy Code[3]:

| Debtor | Counterparty | Description | Cure Amount |
|---|---|---|---|
| ColorArt | Advertex Communications, Inc. | Services to Macy's Beauty In-Store design, production and fulfillment program.[4] | $0.00 |

---

[3] Debtors reserve the right to amend and/or supplement the list of 363 Assets up through and including the date of the Sale Hearing; any amendments or supplements will be filed on the Bankruptcy Court docket in the Debtors' Chapter 11 Cases, (ii) noticed to any Qualified Bidder(s) who has submitted a Qualified Bid(s), if applicable, and (iii) noticed to the applicable counterparty of any Assumed Contract(s) affected by said amendment or supplementation.  You may also request a copy of any amendment or supplement be provided to you via electronic e-mail by contacting Debtors' counsel Teresa M. Pilatowicz, Esq. at **tpilatowicz@gtg.legal**.

[4] For clarity and the avoidance of doubt, the 363 Assets consist of the following:

- *Master Vendor Agreement* by and between ColorArt LLC and Advertex Communications, Inc. dba Macy's Visual Marketing bearing an effective date of November 1, 2021 ("Master Vendor Agreement");

- *Statement of Work* subject to the Master Vendor Agreement, with a term beginning January 31, 2022;

- *First Amendment to Master Vendor Agreement and Amendment to Statement of Work #1* effective as of September 1, 2023; and

- Any non-disclosure, non-compete, or restrictive agreement(s) related to or requisite to, commensurate with, and/or attendant to the foregoing.

For the avoidance of doubt, the Sale will include an assumption of an approximately seven hundred thousand dollar rebate liability on the Advertex Contract, as well as certain commissions due.

The 363 Assets represent a dedicated customer program historically managed by the Debtors involving design, production, and fulfillment services for Macy's beauty counter marketing and merchandising materials.  The

2

**B.**      **Participation Requirements and Due Diligence.**

1.      This is an "as-is, where is" sale.  Any persons interested in purchasing some or all of the 363 Assets (a "Potential Bidder") and desiring further information regarding the 363 Assets shall request such information on or before **4:00 p.m. prevailing Pacific Time on March 27, 2026** ("Due Diligence Deadline"), by contacting Debtors' Chief Restructuring Officer, Michael Silverman at msilverman@silveermanconsulting.net and Debtors' counsel Teresa M. Pilatowicz, Esq. at **tpilatowicz@gtg.legal**, and upon the Potential Bidder's execution of a confidentiality agreement supplied by the Debtors, the Debtors will provide information readily available or reasonably preparable by the Debtors in light of the circumstances of the Chapter 11 Cases (the "Due Diligence Materials"), all with the understanding that this is an "as is, where is" transaction.  Debtors are not required to furnish any Due Diligence Materials after the Due Diligence Deadline.

2.      The Debtors shall also provide these Bid Procedures, together with a copy of the Advertex Auction Notice, Contracts Notice, and Potential Assumption Notice to each Potential Bidder.

3.      All Potential Bidders, whether deemed Qualified Bidders (as defined herein) or not, consent to the jurisdiction of the Bankruptcy Court to determine matters concerning the Sale, their Bid(s), and otherwise with respect to the process, and waive any right to any other venue.

4.      In order to participate in the bidding process, the Auction, or otherwise be considered for any purpose hereunder, a Potential Bidder other than the Lender (and Lender's successors and assigns) must provide written evidence that enables the Debtors, in their sole discretion, to determine whether the Potential Bidder has the financial and other ability to close the contemplated sale transaction and provide adequate assurance of future performance under all contracts to be assumed and assigned in connection therewith.

5.      The Debtors and their advisors shall: (a) receive and evaluate any Bids from Potential Bidders; (b) request information from Potential Bidders, engage in discussions with Potential Bidders, and take such other actions to determine whether any Bid constitutes or could lead to a Qualified Bid; and (c) take any other actions contemplated under these Bid Procedures.

---

personnel currently supporting this program represent more than thirty (30) years of combined experience servicing the Advertex Contract, and any attendant non-disclosure, non-compete, or restrict agreement(s) related to or requisite to, commensurate with, and/or attendant to the 363 Assets are contemplated to be assigned to the Prevailing Bidder in connection with the Sale.  Certain supplier relationships supporting the Advertex Contract include work-in-progress, inventory, and/or open purchase orders that may be assigned to the Prevailing Bidder in connection with the Sale, such as (by way of illustration and example only) those for fulfillment services, merchandising displays, bindery and finishing services, printing services, construction/document printing services, as well as printing materials, ink supplies, paper materials, magnets, tapes, adhesives and the like, and clips and hardware components.

**C.**    **Submission of Bids.**

6.    Any Qualified Bidder interested in purchasing all or a portion of the 363 Assets must submit a Bid prior to **4:00 p.m. prevailing Pacific Time on March 27, 2026** (the "Bid Deadline").

7.    The Debtors and their advisors, in their sole discretion, will determine if a Bid is a Qualified Bid based on the requirements herein.  A Potential Bidder will be deemed to be a "Qualified Bidder" if the Debtors, in their sole discretion, determine that such Potential Bidder submitted a Qualified Bid.

8.    A Bid will be considered a Qualified Bid only if the Bid fulfills the following requirements on or prior to the Bid Deadline (capitalized terms used in this section are defined later in the Bid Procedures), the determination of which is the sole discretion of the Debtors:

   a.  Consists of cash consideration in an amount not less than $1,500,000;

   b.  Provides that the Qualified Bidder's Bid shall remain open and irrevocable until thirty (30) days following the date of entry of a Sale Order;

   c.  Provides that the Qualified Bidder is obligated to perform as a Back-Up Bidder (as defined herein) in the event such Qualified Bidder is not the Prevailing Bidder;

   d.  Is made by a person or entity that demonstrates evidence of fully committed and available funds to consummate the proposed transaction, in each case acceptable to the Debtors in their sole discretion;

   e.  Provides written evidence that the Qualified Bidder has obtained authorization and approval from its board of directors (or comparable governing body) and its equity holders, if necessary, with respect to the submission of its Bid and the execution of the APA, or a representation that no such authorization or approval is required;

   f.  Provides by wire transfer or immediately available funds to Garman Turner Gordon's trust account before the Bid Deadline of an earnest money deposit equal to $250,000 of the purchase price of such Bid (the "Deposit");

   g.  Is submitted in a writing that is signed by the Qualified Bidder, that:

      i.  Identifies the Qualified Bidder and any members of its investor group, if applicable;

      ii.  Identifies with specificity what 363 Assets the Qualified Bidder seeks to purchase;

4

iii. Is not subject to conditions, representations, or terms that the Debtors determine to be unacceptable;

iv. Does not contain any financing or due diligence contingencies to closing the proposed transaction unless the Debtors otherwise agree in writing that such contingencies are acceptable;

v. Does not contain any condition to closing the transaction relating to the receipt of any third party or governmental approvals (excluding required Bankruptcy Court approval);

vi. Expressly acknowledges and represents that the Qualified Bidder: (A) has had an opportunity to conduct any and all due diligence regarding the 363 Assets and the proposed transaction prior to making its Bid; (B) has relied solely upon its own independent review, investigation, and/or inspection of any documents and the 363 Assets in making its Bid or that of any of its legal, financial, or other advisors; and (C) did not rely upon any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding or by the Debtors or regarding the 363 Assets or the proposed transaction, or the completeness or accuracy of any information provided in connection therewith, except as expressly stated in the representations and warranties contained in the APA ultimately accepted and executed by the Debtors;

vii. Accepts assignment of all executory contracts assumed in connection with the closing of the Sale;

viii. Identifies all of the executory contracts that the bidder desires to be assumed and assigned;

ix. Includes a written acknowledgment by such Qualified Bidder that it does not have any lien rights against Debtors or the 363 Assets and expressly waives any right to assert or file any *lis pendens* or other lien or claim against the 363 Assets; and

x. Contains all other information reasonably requested by the Debtors.

h. Demonstrates to the Debtors' satisfaction, in the Debtors' sole discretion, the ability to close the Sale by no later than **April 30, 2026**.

9. A Qualified Bidder that desires to make a Bid must deliver written electronic copies of its Bid on or prior to the Bid Deadline to **Teresa M. Pilatowicz, Garman Turner Gordon, 7251 Amigo Street, Suite 210, Las Vegas, Nevada 89119, tpilatowicz@gtg.legal**.

10. The Debtors will advise each Potential Bidder whether they are deemed to be a Qualified Bidder and whether their Bid is a Qualified Bid before the Auction.

11. The Debtors reserve the right, in their sole discretion, to waive noncompliance with any one or more of the requirements set forth in these Bid Procedures to be a Qualified Bid and deem an otherwise not Qualified Bid to be a Qualified Bid if the Debtors reasonably determine, in their business judgment, in their sole discretion, that such waiver is consistent with their fiduciary duties.

12. The Lender[5] (or its successors and assigns) is deemed a Qualified Bidder and may seek to credit bid all or a portion of its claim for the 363 Assets pursuant to Section 363(k) of the Bankruptcy Code at the Auction, and such credit bid will be deemed a Qualified Bid in all respects. Notwithstanding anything to the contrary provided herein, the Lender is deemed to be a Qualified Bidder for all purposes and requirements pursuant to the Bid Procedures, notwithstanding the requirements that a Qualified Bidder must satisfy to be a Qualified Bidder, including the requirement, among others, that each Bid must be accompanied by a Deposit, and any Bid submitted by the Lender will be deemed to be a Qualified Bid for all purposes and requirements pursuant to the Bid Procedures. For purposes of evaluating competing Bids, every dollar of credit bid shall be treated the same as a dollar from a cash bid, and a credit bid shall not be considered inferior to a comparable cash bid solely because it is a credit bid. The Lender shall have the absolute right to assign, transfer, sell, or otherwise dispose of its right to credit bid to any acquisition vehicle formed in connection with such bid or other designee.

13. All Qualified Bidders shall be deemed to have waived any right to assert, pursue or receive a fee analogous to a break-up fee, expense reimbursement, termination fee, or any other similar form of compensation, including a substantial contribution claim under Section 503 of the Bankruptcy Code, related in any way to due diligence, the submission of its bid, the Bid Procedures, the Auction, and the Sale.

14. After the Bid Deadline:

   a. The Debtors shall determine, in their sole discretion, which Qualified Bid represents the then-highest or otherwise best bid(s) (the "Initial Highest Bid(s)"; the entity submitting such Bid(s), the "Initial Highest Bidder(s)"). Prior to or at the start of the Auction, each Qualified Bidder that timely submitted a Qualified Bid will be advised of such Initial Highest Bid(s), and the Debtors may: (a) distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction; or (b) proceed with the open or sealed bidding process, at the Debtors' sole discretion.

   b. If only one Qualified Bid is received, or if no Qualified Bidder has indicated its intent to participate in the Auction, the Debtors will not hold an Auction and the lone Qualified Bidder, if applicable, will be named the Prevailing Bidder. Further, Debtors shall file a notice with the Court (and advise by email to each Potential Bidder that does not, through counsel or on its own, receive Cm/ECF service of Bankruptcy Court filings) advising that the Auction will not take place, and the Debtors will proceed to the Sale Hearing.

---

[5] *See* note 2 herein, *supra.*

**D.      Due Diligence From Potential Bidders or Qualified Bidders.**

15.     Each Potential Bidder (other than the Lender, its successor and assigns) shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Potential Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition of the 363 Assets.  Failure by a Potential Bidder to comply with requests for additional information is a basis for the Debtors to determine, in their sole discretion, that a Potential Bidder is not a Qualified Bidder. Similarly, each Qualified Bidder shall comply with all reasonable requests for additional information by the Debtors or their advisors regarding such Qualified Bidder's financial wherewithal to consummate and perform obligations in connection with the acquisition transaction of the 363 Assets as the Auction progresses.  Failure by a Qualified Bidder to comply with requests for additional information is a basis for the Debtors, in their sole discretion, to determine that the Qualified Bidder may no longer participate in the Auction.

16.     The Debtors reserve the right to request additional information from any Potential Bidder in connection with its Bid.

**E.      "As Is, Where Is".**

17.     The sale of the 363 Assets shall be on an on an "as is," "where is", and "with all faults" basis without representation or warranty of any kind, either express or implied, including, but not limited to, any warranties as to merchantability, fitness, or usability.  Except as otherwise provided in the Prevailing Bidder's APA as executed by the Debtors, all of the Debtors' right, title, and interest in and to the 363 Assets shall be sold free and clear of all pledges, liens, security interests, encumbrances, claims, charges, options, and interests therein (collectively, the "Claims") pursuant to Section 363(f) of the Bankruptcy Code, such Claims to attach to the net proceeds of the Sale of the 363 Assets with the same validity and priority as existed immediately prior to such Sale, to the extent they validly existed.

**F.      The Auction.**

18.     If the Debtors timely receive more than one Qualified Bid, the Auction will be conducted in the Bankruptcy Court on **April 2, 2026, at 9:30 a.m. prevailing Pacific Time**, with Qualified Bidders also permitted to appear via Zoom, with respect to the Qualified Bids in order for the Debtors to determine, in their sole discretion, the highest and best Bid(s) (the "Prevailing Bid(s)") to submit for approval by the Bankruptcy Court at the Sale Hearing.   The Auction shall be organized and conducted by the Debtors at the Bankruptcy Court located at Foley Federal Building and U.S. Courthouse, 300 Las Vegas Blvd South, Las Vegas, NV 89101, in Courtroom No. 3, or such other location(s) as may be announced prior to the Auction to all Qualified Bidders.

19.     The only persons or entities who will be permitted to Bid at the Auction are the authorized representatives of each Qualified Bidder and the Lender, to the extent it

submits a Bid (the "Auction Participants").  While only the Auction Participants may make Qualified Bids at the Auction, the Auction may be attended and viewed also by the Debtors, the Debtors' counsel, the Lender, the Lender's counsel, and/or other authorized representatives and such other parties as agreed to by Debtors, in the Debtors' sole discretion.

20.    Each Qualified Bidder participating in the Auction shall confirm at the Auction that it has not engaged in any collusion regarding these Bid Procedures with any other Qualified Bidder, concerning the Auction, or any proposed transaction relating to all or a portion of the 363 Assets.

21.    The Debtors are authorized to conduct the Auction in accordance with such procedures and requirements as may be established **at the sole discretion of the Debtors and their counsel**, which rules may include, but shall not be limited to, the determination of the amount of time between Bids, whether to adjourn the Auction at any time and from time to time, the conducting of multiple rounds of open or sealed bidding with notice only to the parties entitled to attend the Auction, and to declare that the Auction has ended when no further Bids are timely made or otherwise.

22.    The first Qualified Bid at the Auction shall be deemed to have been made by the Initial Highest Bidder(s) in the amount of the Initial Highest Bid(s) (as applicable).  The next Qualified Bid(s) at the Auction shall be an amount equal to or greater than such opening bid(s) plus no less than $10,000.  Thereafter, the Auction will continue in the manner determined by the Debtors as set forth herein.

23.    The Debtors shall announce and describe to all Qualified Bidders present at the Auction the material terms of any new overbid designated by the Debtors as the then-prevailing highest and best bid ("Prevailing Highest Bid"), as well as the value attributable by the Debtors to such Prevailing Highest Bid. Any overbid to a Prevailing Highest Bid by any Qualified Bidder must provide more value for the Estates than any prior bid.  An overbid may contain alterations, modifications, additions, or deletions of any terms of the Bid no less favorable to the Estates than any prior Qualified Bid, prior Prevailing Highest Bid, or prior overbid, and shall otherwise comply with the terms of these Bid Procedures.

24.    The Debtors shall determine in their sole discretion whether a Qualified Bid by a Qualified Bidder at the Auction matches or is higher and better than the prior Qualified Bid.

25.    The Debtors shall determine in their sole discretion the Qualified Bid that is the highest or otherwise best Qualified Bid or combination of Qualified Bids.  This determination shall take into account any factors the Debtors reasonably deem relevant to the value of the Qualified Bid to the Estates, including, *inter alia*, the following non-exhaustive factors: (i) the amount and nature of the consideration; (ii) the proposed assumption of any liabilities and/or executory contracts or unexpired leases, if any, and the excluded assets and/or executory contracts or unexpired leases, if any; (iii) the ability of the Qualified Bidder to close the proposed Sale and the conditions related thereto, including, without limitation, any regulatory approvals required, and the timing thereof; (iv)

8

whether the Bid is a bulk bid or a partial bid for only some of the 364 Assets; (v) the proposed closing date and the likelihood, extent, and impact of any potential delays in closing on the proposed Sale to that Qualified Bidder; (vi) any purchase price adjustments; (vii) the impact of the Sale on any actual or potential litigation; (viii) the net after-tax consideration to be received by the Estates; (ix) the tax consequences of such Qualified Bid; and (x) the consent of the parties in interest and/or the cost and expense to the Debtors of resolving sale issues before closing of the Sale.

26.     At the conclusion of the Auction:

      a.  The Debtors shall, in their sole discretion, select: (i) the Prevailing Bid(s), and (ii) the second highest or best offer(s) for the 363 Assets (the "Back-Up Bid(s)");

      b.  The Debtors shall notify the Prevailing Bidder(s) that such person's offer has been determined by the Debtors to be the Prevailing Bid(s) and will be contingent only on Bankruptcy Court approval, and shall notify the person that made the Back-Up Bid(s) (the "Back-Up Bidder(s)") that such person's offer has been determined by the Debtors to be a Back-Up Bid and will be contingent only on the failure of the Prevailing Bid(s) to be approved by the Bankruptcy Court and the failure of the Prevailing Bid(s) to close timely; and

      c.  The Debtors shall file a notice with the Bankruptcy Court announcing the Prevailing Bidder(s).

27.     Prior to the commencement of the Sale Hearing, the Prevailing Bidder(s) shall complete and sign all agreements and documents as necessary to bind the Prevailing Bidder(s) to all of the terms and conditions contemplated by the Prevailing Bid(s).

28.     The Deposit of the Prevailing Bidder(s) or the Back-Up Bidder(s), as the case may be, shall be held by the Debtors and applied by the Debtors against the purchase price to be paid by the Prevailing Bidder(s) or the Back-Up Bidder(s), as applicable, at the closing of the relevant transaction(s) approved by the Bankruptcy Court.  The Prevailing Bidder(s)' or Back-Up Bidder(s) Deposits, as applicable, shall be held by the Debtors and forfeited to the Debtors if such parties breach the obligation to close under the APA(s).

29.     The Debtors shall not be deemed to have finally accepted any Qualified Bid unless and until such Qualified Bid and the Debtors' acceptance thereof have been authorized by order of the Bankruptcy Court following the conclusion of the Sale Hearing.

**G.    Deposit.**

30.     No later than the fifth (5th) business day following the entry of the Sale Order, the Debtors shall return to each Qualified Bidder, other than the Prevailing Bidder(s), its respective Deposit less any transfer fees.

9

**H.**    **Sale Hearing and Objection Deadline.**

31.    The Sale Hearing to consider the relief requested in the Sale Motion (defined herein) and to consider whether to approve the Prevailing Bid and the Back-Up Bid shall be held before the Bankruptcy Court on **April 7, 2026, at 9:30 a.m. prevailing Pacific Time** (the "Sale Hearing"), at which time the Court will enter the order approving the sale (the "Sale Order").

32.    Objections, if any, to the to approval of the Sale Motion concerning the Sale of 363 Assets to the Prevailing Bidder(s), including but not limited to, the Sale of the 363 Assets free and clear of Claims pursuant to 11 U.S.C. § 363(f) shall be: (a) be in writing; (b) clearly specify the grounds for the objection; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be filed with the Bankruptcy Court and served so as to be received by the following parties by email (collectively, the "Objection Notice Parties") by **12:00 p.m. prevailing Pacific Time on April 3, 2026** (the "Objection Deadline"): (1) counsel for the Debtors, Teresa M. Pilatowicz: **tpilatowicz@gtg.legal**, and (2) all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Rule.

33.    Any person objecting to the Sale Motion that has not filed an objection by the Objection Deadline shall not be heard at the Sale Hearing and shall be barred from objecting to the Sale Motion.

**I.**    **Anticipated Sale Timeline.**

| Event | Date | Time |
|---|---|---|
| Bid Procedures Motion Hearing | Tuesday, March 24, 2026 | 10:30 a.m. Pacific |
| Bid Procedures Order entered (estimated) | Tuesday, March 24, 2026 | |
| Service of Bid Procedures Order + Advertex Auction Notice + Contracts Notice + Potential Assumption Notice | Wednesday, March 25, 2026 | ---- |
| Bid Deadline (Qualified Bids submitted) | Friday, March 27, 2026 | 4:00 p.m. Pacific |
| Objection to Cure Amounts | Friday, March 27, 2026 | 4:00 p.m. Pacific |
| Auction | Thursday, April 2, 2026 | 9:30 a.m. Pacific |
| Objection Deadline (objections to Sale must be filed) | Friday, April 3, 2026 | 12:00 p.m. Pacific |

10

| Event | Date | Time |
|---|---|---|
| Sale Hearing*<br><br>*replies presented at Sale Hearing | Tuesday, April 7, 2026<br><br>*replies presented at Sale Hearing | 9:30 a.m. |

**J.      Modifications.**

34.     The Debtors, in their sole discretion, may adopt, implement, and/or waive such other, additional, or existing procedures or requirements that serve to further an orderly Auction and bid process, and effectuate an expeditious closing ("Closing") of the Sale.

35.     The Debtors reserve their right to (i) modify these Bid Procedures in any manner that will best promote the goals of the bidding process and to impose, at or prior to the Auction, additional or different customary terms and conditions, including, without limitation, modifying the requirements for a Qualified Bid (except as to matters relating to the Bid Protections as set forth herein); (ii) extend the deadlines set forth in these Bid Procedures, with notice of such extension afforded to the Office of the United States Trustee for Region 17 and any Potential Purchaser; (iii) adjourn the Auction at or prior to the Auction and/or adjourning any hearing prior to such hearing or in open court without further notice; and (iv) reject any or all Qualified Bids if the Debtors determine, in their reasonable, good-faith business judgment, that such Qualified Bid is (x) inadequate or insufficient, (y) not in conformity with the requirements of the Bankruptcy Code or any related Rules or the terms set forth herein, or (z) contrary to the best interests of the Debtors.  The Debtors reserve the right, at any time, for any reason and in their reasonable, good-faith business judgment, to decline to pursue the Auction or the Sale and to withdraw any motion filed in the Bankruptcy Court seeking to approve the Sale. The Debtors reserve all rights with respect to these Bid Procedures and the Sale.

# EXHIBIT 2

# EXHIBIT 2

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
*Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.: 25-16697-nmc |
| LAS VEGAS COLOR GRAPHICS, INC., | Chapter 11 |
|    AFFECTS LAS VEGAS COLOR GRAPHICS, INC. ☐ | *Jointly administered with:* ColorArt, LLC |
|    AFFECTS COLORART, LLC ☐ | Case No. 25-16701-nmc |
|    AFFECTS BOTH DEBTORS ☒ | **Auction:** Date:  April 2, 2026 Time:  9:30 a.m. |
|    Debtors. | **Sale Hearing:** Date:  April 7, 2026 Time:  9:30 a.m. |

## NOTICE OF ADVERTEX BID PROCEDURES, AUCTION, AND SALE HEARING

**PLEASE TAKE NOTICE** that on March 12, 2026, Debtors and debtors-in-possession Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together, the "Debtors"), by and through undersigned counsel Garman Turner Gordon LLP, filed the *Motion For Entry of Orders: (A)(I) Approving Bid Procedures Relating To Sale of Debtors' Advertex Contract Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale By Auction; and (IV) Granting Related Relief; and (B)(I) Authorizing*

1

*the Sale of Debtors' Advertex Contract Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* [ECF No. 385] (the "Bid Procedures Motion")[1] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that by order dated March 24, 2026, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion (the "Bid Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that the Debtors will hold an Auction of the Debtors' 363 Assets free and clear of all liens, claims, encumbrances, and other interests within the meaning of 11 U.S.C. § 363(f) on **April 2, 2026, at 9:30 a.m. prevailing Pacific Time**, which Auction shall be organized and conducted by the Debtors in person at the Bankruptcy Court, located at the Foley Federal Building and United States Courthouse, 300 Las Vegas Boulevard South, Las Vegas, Nevada, 89101, in Courtroom No. 3, and also via Zoom (with Zoom credentials provided by the Debtors to Qualified Bidder(s) in advance of the Auction), or such other location as may be announced prior to the Auction to all Qualified Bidders.

**PLEASE TAKE FURTHER NOTICE** that all interested parties are invited to submit a Qualified Bid and to make offers to purchase the 363 Assets in accordance with the terms of the Bid Procedures attached hereto as **Exhibit "A"** and the Bid Procedures Order.  The deadline to submit bids (the "Bid Deadline") is **March 27, 2026, at 4 p.m. prevailing Pacific Time**.

**PLEASE TAKE FURTHER NOTICE** that, prior to the Bid Deadline, a Qualified Bidder that desires to make a Bid shall deliver written copies of its Bid to:

> Teresa M. Pilatowicz, Esq.
> Garman Turner Gordon
> 7251 Amigo Street, Suite 210
> Las Vegas, Nevada 89119
> **tpilatowicz@gtg.legal**

…

---

[1] All capitalized undefined terms used herein shall have the meaning ascribed to them in the Bid Procedures, and in the Bid Procedures Motion, in that sequence.

2

**PLEASE TAKE FURTHER NOTICE** that, after the Bid Deadline, the Debtors, in their sole discretion, shall determine which Qualified Bid(s) represents the then-highest or otherwise best bid (the "Initial Highest Bid(s)"; the entity submitting such Bid, the "Initial Highest Bidder(s)"). Prior to or at the start of the Auction, each Qualified Bidder that timely submitted a Qualified Bid will be advised of such Initial Highest Bid(s), and the Debtors may: (a) distribute copies of other Qualified Bids to other Qualified Bidders prior to or during the Auction; or (b) proceed with the open or sealed bidding process at the Debtors' sole discretion, as authorized by the Bidding Procedures Order. If only one Qualified Bid is received, or if no Qualified Bidder has indicated its intent to participate in the Auction, the Debtors will not hold an Auction and the lone Qualified Bidder, if applicable, will be named the Prevailing Bidder.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the proposed Sale must: (a) be in writing; (b) clearly specify the grounds for the objection; (c) comply with the Bankruptcy Rules and the Local Rules; (d) be filed with the Clerk of the United States Bankruptcy Court for the District of Nevada, 300 Las Vegas Boulevard South, Las Vegas, Nevada, 89101; and (e) be served so as to be received by counsel for Debtors, Teresa M. Pilatowicz, **tpilatowicz@gtg.legal**, and all parties entitled to notice pursuant to Bankruptcy Rule 2002, in accordance with Local Bankruptcy Rule 2002, by **12:00 p.m. prevailing Pacific Time on April 3, 2026**.

**PLEASE TAKE FURTHER NOTICE** that the Sale Hearing shall be conducted by the Bankruptcy Court on **April 7, 2026, at 9:30 a.m. prevailing Pacific Time** (the "Sale Hearing"), or on such other date as the Court may direct, and that replies to any objection(s) shall be presented by the Debtors orally at the Sale Hearing. Requests for any information concerning the Sale of the 363 Assets should be directed by written request to the Debtors' undersigned counsel Teresa M. Pilatowicz, Esq. at the email and address set forth herein.

**PLEASE TAKE FURTHER NOTICE** that if you intend to participate in any of the hearings established by this Notice, please check the Court's website prior to the hearing for any updated instructions relating to the Court participation number and access code. You may view the Court Calendar at: http://www.nvb.uscourts.gov/calendars/court-calendars/; then select the

3

hearing judge; next, click on the "calendar date" to view the hearing Judge's dial-in number and meeting access codes.

DATED this___ of March, 2026.

GARMAN TURNER GORDON LLP

By: /s/ _____
    GREGORY E. GARMAN, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Counsel to the Debtors*

4

# EXHIBIT 3




# EXHIBIT 3

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
*Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>LAS VEGAS COLOR GRAPHICS, INC.,<br><br>    AFFECTS LAS VEGAS COLOR GRAPHICS, INC. ☐<br><br>    AFFECTS COLORART, LLC ☐<br><br>    AFFECTS BOTH DEBTORS ☒<br><br>        Debtors. | Lead Case No.: 25-16697-nmc<br>Chapter 11<br><br>*Jointly administered with:*<br>ColorArt, LLC<br>Case No. 25-16701-nmc<br><br>**Auction:**<br>**Date:**  April 2, 2026<br>**Time:**  9:30 a.m.<br><br>**Sale Hearing:**<br>**Date:**  April 7, 2026<br>**Time:**  9:30 a.m. |

### NOTICE TO COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**PLEASE TAKE NOTICE** that on March 12, 2026, debtors and debtors-in-possession Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together, the "Debtors"), by and through undersigned counsel Garman Turner Gordon LLP, filed the *Motion For Entry of Orders: (A)(I) Approving Bid Procedures Relating To Sale of Debtors' Advertex Contract Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale By Auction; and (IV) Granting Related Relief; and (B)(I) Authorizing the Sale of Debtors' Advertex Contract Assets Outside of the Ordinary Course of Business Free*

1

*and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* [ECF No. 385] (the "Bid Procedures Motion")[1] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

PLEASE TAKE FURTHER NOTICE that by order dated March 24, 2026, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion [ECF No. ___] (the "Bid Procedures Order").

PLEASE TAKE FURTHER NOTICE that, pursuant to the Bid Procedures Order, the Debtors intend to sell as 363 Assets, and thereby assume and assign to the Prevailing Bidder, the following, subject to payment of the following cure amounts (the "Cure Amounts") by the Prevailing Bidder:

| Debtor | Counterparty | Description | Cure Amount |
|--------|-------------|-------------|-------------|
| ColorArt | Advertex Communications, Inc. | Services to Macy's Beauty In-Store design, production and fulfillment program.[2] | $0.00 |

PLEASE TAKE FURTHER NOTICE that objections to the Cure Amounts, whether or not such party previously has filed a proof of claim with respect to amount(s) allegedly due under the applicable 363 Asset(s), and/or objections to the potential assumption of such 363 Asset(s), must be filed, together with all documentation supporting such cure claim or objection,

---

[1] All capitalized undefined terms used herein shall have the meaning ascribed to them in the Bid Procedures, and in the Bid Procedures Motion, in that sequence.

[2] The 363 Assets are more fully described in the Bid Procedures Motion and in the Bid Procedures, but generally can be summarily described as follows:

- *Master Vendor Agreement* by and between ColorArt LLC and Advertex Communications, Inc. dba Macy's Visual Marketing bearing an effective date of November 1, 2021 ("Master Vendor Agreement");

- *Statement of Work* subject to the Master Vendor Agreement, with a term beginning January 31, 2022;

- *First Amendment to Master Vendor Agreement and Amendment to Statement of Work #1* effective as of September 1, 2023; and

- Any non-disclosure, non-compete, or restrictive agreement(s) related to or requisite to, commensurate with, and/or attendant to the foregoing.

For the avoidance of doubt, the Sale will include an assumption of an approximately seven hundred thousand dollar rebate liability on the Advertex Contract, as well as certain commissions due.

Please note that any description(s) herein are for summary purposes only, and, in all respects, the description(s) of the 363 Assets in the Bid Procedures and the Bid Procedures Motion control, respectively.

2

with the Clerk of the United States Bankruptcy Court for the District of Nevada, 300 Las Vegas Boulevard South, Las Vegas, Nevada, 89101, and be served so as to be received by counsel for Debtors Teresa M. Pilatowicz **tpilatowicz@gtg.legal** by **4:00 p.m. prevailing Pacific Time on March 27, 2026**, at the address below:

Garman Turner Gordon LLP
Attn: Teresa M. Pilatowicz, Esq.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
tpilatowicz@gtg.legal

**PLEASE TAKE FURTHER NOTICE** that where a counterparty to a 363 Asset(s) files an objection with the Bankruptcy Court to the assumption by the Debtor(s) and assignment to the Prevailing Bidder of such 363 Asset(s) (the "Disputed Assumption") and/or asserting a cure amount higher than the proposed Cure Amounts listed in this notice (the "Disputed Cure Amounts"), the Debtors, the Prevailing Bidder, and the counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the dispute cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Assumption and/or the amount to be paid under Section 365 of the Bankruptcy Code with respect to the Disputed Cure Amounts shall be determined by the Court at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Assumed Contract that fails to timely object to the proposed Cure Amounts set forth herein or the proposed assumption and assignment of the 363 Asset(s) by **4:00 p.m. prevailing Pacific Time on March 27, 2026**, is deemed to have consented to such Cure Amounts and to the assumption and assignment of such 363 Asset(s), and such party shall be forever barred from objecting to the Cure Amounts or such assumption and assignment and forever barred from asserting any additional cure or other amounts against any of the Debtors, their estates, or the Prevailing Bidder.

**PLEASE TAKE FURTHER NOTICE** that Debtors and the Prevailing Bidder, as applicable, reserve the right to designate which, if any, executory contracts or unexpired leases

3

will be assumed and assigned.  Inclusion of a contract or lease on this Notice does not indicate that the Prevailing Bidder will ultimately determine to have any of the Debtors assume and seek assignment of such contract or lease.  No executory contract or unexpired lease will be assumed and assigned unless and until the occurrence of the closing of the Sale of the 363 Assets after the Court enters the Sale Order and in accordance with the terms of the Asset Purchase Agreement executed by the Prevailing Bidder.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a contract or lease herein shall not constitute or be deemed a determination or an admission by the Debtors or their Estates that such document or agreement is in fact an executory contract or an unexpired lease within the meaning of Section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved and preserved).

**PLEASE TAKE FURTHER NOTICE** that a hearing to determine any Disputed Cure Amounts or Disputed Assumption will be conducted **at the Sale Hearing on April 7, 2026, at 9:30 a.m. prevailing Pacific Time**, at the United States Bankruptcy Court for the District of Nevada, 300 Las Vegas Boulevard South, Las Vegas, Nevada, 89101, Courtroom No. 3.  Parties are also permitted to appear telephonically at the Sale Hearing by dialing **(833) 435-1820 and entering meeting ID (if applicable): 161 166 2815 and entering access code or passcode 115788#**.   If you intend to participate at the Sale Hearing, please check the Court's website prior to the hearing for any updated instructions relating to the Court participation number and access code.   You may view the Court Calendar at: http://www.nvb.uscourts.gov/calendars/court-calendars/; then select the hearing judge; next, click on the "calendar date" to view the hearing Judge's dial-in number and meeting access codes.

DATED this ___ of March, 2026.

GARMAN TURNER GORDON LLP
By: */s/*_____
GREGORY E. GARMAN, ESQ.
TERESA M. PILATOWICZ, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Counsel to the Debtors*

4

# EXHIBIT 4

# EXHIBIT 4

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
*Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.: 25-16697-nmc |
| LAS VEGAS COLOR GRAPHICS, INC., | Chapter 11 |
| AFFECTS LAS VEGAS COLOR GRAPHICS, INC. ☐ | *Jointly administered with:* ColorArt, LLC |
| AFFECTS COLORART, LLC ☐ | Case No. 25-16701-nmc |
| AFFECTS BOTH DEBTORS ☒ | **Auction:** Date: April 2, 2026 Time: 9:30 a.m. |
| Debtors. | **Sale Hearing:** Date: April 7, 2026 Time: 9:30 p.m. |

**NOTICE OF POTENTIAL ASSUMPTION AND ASSIGNMENT TO
COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

**PLEASE TAKE NOTICE** that on March 12, 2026, Debtors and debtors-in-possession Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together, the "Debtors"), by and through undersigned counsel Garman Turner Gordon LLP, filed the *Motion For Entry of Orders: (A)(I) Approving Bid Procedures Relating To Sale of Debtors' Advertex Contract Assets; (II) Scheduling a Hearing to Consider the Sale; (III) Approving the Form and Manner of Notice of Sale By Auction; and (IV) Granting Related Relief; and (B)(I) Authorizing*

1

*the Sale of Debtors' Advertex Contract Assets Outside of the Ordinary Course of Business Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (II) Granting Related Relief* [ECF No. 385] (the "Bid Procedures Motion")[1] with the United States Bankruptcy Court for the District of Nevada (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that by order dated March 24, 2026, the Bankruptcy Court approved the Bid Procedures and the Bid Procedures Motion [ECF No. ____] (the "Bid Procedures Order").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Bid Procedures Order, The Prevailing Bidder may intend for Debtors to assume and assign certain executory contracts and unexpired leases presently identified on **Exhibit "1"** hereto, which also reflects the proposed Cure Amounts to be paid to compensate the counterpart(ies) to an Assumed Contract(s) for any actual and pecuniary losses arising from any defaults under the Assumed Contracts in connection with the potential assumption and/or assignment of such Assumed Contracts.

**PLEASE TAKE FURTHER NOTICE** that objections by counterparties to the proposed assumption and assignment of the executory contracts and unexpired leases identified on **Exhibit "1"** hereto, including an objection to any Cure Amount, must be filed (whether or not such party previously has filed a proof of claim with respect to amounts due), together with all documentation supporting such cure claim or objection, with the Clerk of the U.S. Bankruptcy Court for the District of Nevada, 300 S. Las Vegas Boulevard, Las Vegas, Nevada 89101, and be served so as to be received by counsel for Debtors Teresa M. Pilatowicz **tpilatowicz@gtg.legal** by **4:00 p.m. prevailing Pacific Time on March 27, 2026**, at the address below:

Garman Turner Gordon LLP
Attn: Teresa M. Pilatowicz, Esq.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
tpilatowicz@gtg.legal

**PLEASE TAKE FURTHER NOTICE** that where a counterparty to an Assumed Contract files an objection with the Bankruptcy Court to the assumption by the Debtor(s) and

---

[1] All capitalized undefined terms used herein shall have the meaning ascribed to them in the Bid Procedures, and in the Bid Procedures Motion, in that sequence.

assignment to the Prevailing Bidder of such Assumed Contract (the "Disputed Assumption") and/or asserting a cure amount higher than the proposed Cure Amount(s) stated herein (the "Disputed Cure Amounts"), the Debtors, the Prevailing Bidder, and the counterparty shall meet and confer in good faith to attempt to resolve any such objection without Court intervention. If the dispute cannot be resolved without judicial intervention, then the determination of the assumption and assignment of the Disputed Assumption and/or the amount to be paid under Section 365 of the Bankruptcy Code with respect to the Disputed Cure Amounts shall be determined by the Court at the Sale Hearing.

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Assumed Contract that fails to timely object to the proposed Cure Amounts set forth herein or the proposed assumption and assignment of an Assumed Contract by **4:00 p.m. prevailing Pacific Time on March 27, 2026**, is deemed to have consented to such Cure Amounts and to the assumption and assignment of such 363 Asset(s), and such party shall be forever barred from objecting to the Cure Amounts or such assumption and assignment and barred from asserting any additional cure or other amounts against any of the Debtors, their estates, or the Prevailing Bidder.

**PLEASE TAKE FURTHER NOTICE** that Debtors and the Prevailing Bidder, as applicable, reserve the right to designate which, if any, executory contracts or unexpired leases will be assumed and assigned. Inclusion of a contract or lease on this Notice or **Exhibit 1** hereto does not indicate that the Prevailing Bidder will ultimately determine to have any of the Debtors assume and seek assignment of such contract or lease. No executory contract or unexpired lease will be assumed and assigned unless and until the occurrence of the closing of the Sale of the 363 Assets after the Court enters the Sale Order and in accordance with the terms of the Purchase Agreement executed by the Prevailing Bidder.

**PLEASE TAKE FURTHER NOTICE** that the inclusion of a contract or lease herein shall not constitute or be deemed a determination or an admission by the Debtors or their Estates that such document or agreement is in fact an executory contract or an unexpired lease within the meaning of Section 365 of the Bankruptcy Code (all rights with respect thereto being expressly reserved).

3

**PLEASE TAKE FURTHER NOTICE** that a hearing to determine any Disputed Cure Amounts or Disputed Assumption will be conducted at the Sale Hearing on **April 7, 2026, at 9:30 a.m. prevailing Pacific Time**, at the United States Bankruptcy Court for the District of Nevada, 300 Las Vegas Boulevard South, Las Vegas, Nevada, 89101, Courtroom No. 3.  Parties are also permitted to appear telephonically at the Sale Hearing by **dialing (833) 435-1820 and entering meeting ID (if applicable): 161 166 2815 and entering access code or passcode 115788#**.  If you intend to participate at the Sale Hearing, please check the Court's website prior to the hearing for any updated instructions relating to the Court participation number and access code.   You may view the Court Calendar at: http://www.nvb.uscourts.gov/calendars/court-calendars/; then select the hearing judge; next, click on the "calendar date" to view the hearing Judge's dial-in number and meeting access codes

DATED this ___ of March, 2026.

GARMAN TURNER GORDON LLP

By: _/s/_____
    GREGORY E. GARMAN, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, Ph.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *Counsel to the Debtors*

4