GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
*Counsel to the Debtor*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Lead Case No.:25-16697-nmc |
| LAS VEGAS COLOR GRAPHICS, INC., | Chapter 11 |
|     AFFECTS LAS VEGAS COLOR GRAPHICS, INC. ☒ | *Jointly administered with:* |
|     AFFECTS COLORART, LLC ☐ | ColorArt, LLC<br>Case No. 25-16701-nmc |
|     AFFECTS BOTH DEBTORS ☐ | Hearing Date: April 14, 2026<br>Hearing Time: 9:30 a.m. |
|     Debtors. | |

## RESPONSE IN OPPOSITION TO MOTION FOR ENTRY OF AN ORDER ALLOWING AND COMPELLING PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM AND GRANTING RELATED RELIEF

Debtor Las Vegas Color Graphics, Inc. ("LVCG") hereby respectfully submits this opposition ("Opposition") to the *Motion for Entry of an Order Allowing and Compelling Payment of Administrative Expense Claim and Granting Related Relief* ("Motion") [ECF No. 388] filed by Beedie (Pioneer Way) NV Property, LLC ("Beedie").

The Opposition is supported by the declaration of Michael Silverman ("Silverman Decl."), filed contemporaneously herewith; the papers and pleadings on file in the Chapter 11 Cases, judicial notice of which is respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and any argument presented by counsel at the hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Motion asserts an unpaid post-petition amount of $213,517.44 and seeks both allowance and immediate payment of that amount. The Debtor does not object to allowance of Beedie's administrative expense claim to the extent the Motion seeks recognition of a post-petition administrative claim arising from the Debtor's occupancy of the leased premises before rejection in the amount of $209,372.22.[1]

The Debtor's objection is limited to the Motion's request that the Court compel immediate payment at this time. Immediate payment is not warranted under the present circumstances. During the post-petition period, the Salu Entities (defined herein) used approximately one-half of the leased premises and agreed with the Debtor to bear one-half of the rent allocable to that use. The Debtor has paid its share and is pursuing payment from the Salu Entities for the balance attributable to their occupancy.

Accordingly, the Debtor respectfully requests that the Court enter an order allowing Beedie's administrative expense claim, but deny, defer, or condition the request for immediate payment pending receipt of the third-party amounts owed or confirmation of a plan, or grant such other relief as the Court deems just and proper.

### II.    BACKGROUND

1.    On November 5, 2025 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

2.    Prior to the Petition Date, the Debtor and Beedie entered into a lease for property located at  6340 S. Pioneer Way, Units 114-123, Building No. 2 (the "Property") related to the Debtor's printing business (the "Lease").  *See* Silverman Decl. ¶ 3.

3.    Debtor vacated the Property on or about January 31, 2026.  *See* Silverman Decl. ¶ 4.

---

[1] There is an approximate $4,000 delta in the amount sought and the amount that Debtor believes is due.  Debtor is working to reconcile the amounts.

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

4.      During the post-petition occupancy period, third parties related to Eran Salu (the "Salu Entities") were utilizing one-half of the leased portions of the Property.  The Salu Entities were responsible to Debtor for, and agreed with Debtor to pay, one-half of the rent due.  *See* Silverman Decl. ¶ 5.

5.      Consistent therewith, the Salu Entities remitted payment for their one-half of November rent.  However, despite repeated demands from Debtor, the Salu Entities have not yet provided payment for their one-half of the December and January rent.  *See* Silverman Decl. ¶ 6.

6.      Debtor has paid Beedie all amounts due on their one-half due in the total amount of  $209,372.22, which includes one half of November Rent ($63,298.58), one half of December Rent ($73,036.82), and one half of January Rent ($73,036.82), and the remaining amounts owed relate to the Salu Entities' portion.  Those third parties have indicated their intent to satisfy the amounts owed. *See* Silverman Decl. ¶ 7.

7.      On March 12, 2026, Beedie filed the Motion seeking entry of an order: (a) allowing an administrative expense claim in the amount of $213,517.44 for alleged unpaid post-petition rent and related charges under the lease for the Pioneer Way property, and (b) compelling immediate payment of that claim. *See* ECF No. 388.

8.      As set forth in the Motion, Beedie contends that the Debtor remained in possession of the property from the petition date through January 31, 2026, the stipulated rejection date, and that a post-petition balance remains outstanding notwithstanding a partial payment already made.

9.      The Debtor is pursuing collection from the Salu Entities. *See* Silverman Decl.¶ 8.

### III.      ARGUMENT AND ANALYSIS

**A.      The Debtor Does Not Object to Allowance of an Administrative Claim.**

The Debtor does not object to allowance of Beedie's administrative claim on account of post-petition rent and related obligations arising before rejection of the Lease in the amount of $209,372.22. This is the amount attributable to the Lease and related obligations as calculated by Debtor.  However, Beedie seeks an administrative claim in the amount of $213,517.44, which appears to include unspecified "Interest and Penalties" as set forth in the Motion. Beedie does not

Garman Turner Gordon
7251 Amigo Street, Ste. 210
Las Vegas, Nevada 89119
(725) 777-3000

include a calculation of how it calculated the amounts due.  Debtor will work with Beedie to reconcile the amounts owed and, to the extent it is determined the amounts exceed the $209,372.22 as calculated by Debtor, does not object to the allowance of an administrative claim up to the amount of $213,517.44

**B.      The Request for Immediate Payment Should Be Denied or Deferred.**

The Debtor objects, however, to the Motion insofar as it seeks an order compelling immediate payment of the full allowed amount now.   That relief is extraordinary and no support is provided in the Motion for the request.  In this case, Debtor has rejected the Lease, Debtor has paid its one-half of the rent, and Debtor is seeking recovery of the remaining one-half amounts that are due from the Salu Entities.

The Bankruptcy Code does not require immediate payment of allowed administrative expenses prior to the effective date of a debtor's chapter 11 plan. *See* 11 U.S.C. § 1129(a). Immediate payment of an administrative expense priority claim is "exceptional" relief.  *In re Cont'l Airlines, Inc.*, 146 B.R. 520, 531 (Bankr. D. Del. 1992) (citing *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 178-79 (Bankr. S.D.N.Y. 1989)).  In determining whether to require a debtor to make immediate payment of an administrative expense claim, a court's primary concern is the "orderly and equal distribution among creditors and the need to prevent a race to a debtor's assets." *In re HQ Global Holdings*, 282 B.R. 169, 173 (Bankr. D. Del. 2002).  The decision regarding whether to restrict the payment of allowed administrative claims during a debtor's chapter 11 cases is left to the discretion of the court because a court can better assess the amount of administrative claims asserted against a debtor's bankruptcy estate and the funds available to satisfy such claims at the conclusion of the debtor's case. *See, e.g.*, *In re Enron*, No. 01-B-16034 (AJG), 2003 WL 1562201, at *10 (Bankr. S.D.N.Y. Mar. 17, 2003).

Thus, allowance of an administrative expense claim does not, by itself, require immediate payment in every case. Even Section 365(d) allowance of an administrative claim does not automatically entitle a creditor to leapfrog other administrative claimants or disrupt a debtor's cash management in an ongoing chapter 11 case. At a minimum, Beedie must show that immediate

payment is warranted and will not prejudice the estate or other similarly situated claimants. The Motion makes no such showing.

Bankruptcy courts retain discretion as to the timing of payment of administrative claims, particularly where immediate payment would be inequitable or where there are case-specific facts counseling against accelerated payment. Here, immediate payment is not appropriate because third parties, the Salu Entities, used the Property during the relevant period, agreed to pay one-half of the rent obligations associated with that use, and have indicated that they intend to do so. Debtor has not yet received full payment of those amounts.

Under these circumstances, compelling the Debtor to make immediate payment of the full amount now would be premature. The Debtor is presently pursuing payment from the Salu Entities on account of the sums they agreed to bear.  At a minimum, the Court should not require immediate payment until the Salu Entities' contribution issue has been resolved or a reasonable period has elapsed for those parties to honor their commitment. A brief deferral of payment will avoid unnecessary prejudice to the Debtor while preserving Beedie's allowed administrative claim.

### IV.    CONCLUSION

For the foregoing reasons, Debtor respectfully requests that the Court enter an order: (1) allowing Beedie's administrative expense claim in the amount of $209,372.22; (2) denying the Motion to the extent it seeks immediate payment at this time; and (3) granting such other and further relief as the Court deems just and proper.

DATED this 31st day of March, 2026.

GARMAN TURNER GORDON LLP


By:  /s/  Teresa Pilatowicz
GREGORY E. GARMAN, ESQ.
TERESA M. PILATOWICZ, ESQ.
MARY LANGSNER, PH.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Counsel to the Debtor*