Ogonna Brown, Bar No. 7589
Ogonna.Brown@wbd-us.com
WOMBLE BOND DICKINSON (US) LLP
8488 Rozita Lee Avenue, Suite 400
Las Vegas, NV  89113
Tel:    702.949.8200
Fax:    702.949.8398

Aimee Vidaurri (admitted *pro hac vice*)
Email: aimee.vidaurri@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Tel: (210) 224-5575
Fax: (210) 270-7205

Julie Harrison (admitted *pro hac vice*)
Email: julie.harrison@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
1550 Lamar St., Suite 2000
Houston, TX 77010
Tel: (713) 651-5151
Fax: (713) 651-5246

*Attorneys for Creditors AICV S Heart Fillmore, L.L.C.,
AICV S Heart Workman, L.L.C., NL Ventures XII
Zarzamora, L.L.C., NL Ventures XII Delaware, L.L.C.
and NL Ventures XII Morton, L.L.C.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| In re: | Lead Case No. 25-16697-nmc |
|---|---|
| LAS VEGAS COLOR GRAPHICS, INC., | Chapter 11 |
| AFFECTS LAS VEGAS COLOR GRAPHICS, INC.                               ☐ | *Jointly Administered with:* |
| AFFECTS COLORART, LLC                               ☐ | ColorArt, LLC<br>Case No. 25-16701-nmc |
| AFFECTS BOTH DEBTORS                               ☒<br><br>Debtors. | **AIC'S SUPPLEMENT TO ITS OBJECTION TO DEBTORS' MOTION TO ASSUME AND ASSIGN UNEXPIRED LEASE IN DES MOINES, IOWA**<br><br>Hearing Date: July 14, 2026<br>Time: 10:30 a.m.<br><br>Assigned to: Chief Judge Natalie M. Cox |

WOMBLE BOND DICKINSON

8488 Rozita Lee Avenue, Suite 400
Las Vegas, NV  89113

NL Ventures XII Delaware, L.L.C. and its affiliates (collectively, "AIC") file this supplement to AIC's objection (the "Objection") to the *Motion to Assume and Assign Unexpired Lease in Des Moines, Iowa* [ECF No. 494][1] (the "Motion")[2] filed by debtors Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt", and together with LVCG, the "Debtors"), in accordance with the Court's *Order Directing Supplemental Brief Regarding Alleged Maintenance and Property-Condition Defaults and Continuing Hearing on Motion to Assume and Assign Des Moines Lease (ECF No. 494) and Continuing Hearing on Motion to Approve Sale After Auction (ECF No. 489)* [ECF No. 558] (the "Order to Supplement").

This Supplement is supported by the *Declaration of Debra Schneider in Support of AIC's Objection to Debtors' Motion to Assume and Assign Unexpired Lease in Des Moines, Iowa* (the "Schneider Declaration"), filed concurrently herewith.

## SUPPLEMENT

1.     Shortly after AIC filed its Objection on June 5, 2026, AIC conducted a site visit at the Property.  As described in the Schneider Declaration, the AIC Portfolio Site Visit Report (the "Site Report") reflects certain maintenance and deficiency concerns at the Property.[3]   For convenience of the Court, AIC includes below a summary chart describing the property concerns, including the factual basis for each alleged concern, the lease provision alleged violated, whether notice of the default was provided, and the cure sought.

2.     Within the Ninth Circuit, assumption under section 365(b)(1) requires cure of all defaults, which encompass any "failure to perform a task or fulfill an obligation." *In re Hawkeye Ent., LLC,* 49 F.4th 1232, 1237–38 (9th Cir. 2022).  The Ninth Circuit rejected the notion that a default "must be something that warrants forfeiture or termination of the lease" or that a default

---

[1] All references to "ECF No." are to the number assigned to the documents filed in Case No. BK-25-16701-NMC as it relates to Debtors' Chapter 11 case as they appear on the docket maintained by the clerk of court. All references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "LR" are to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada. All references to the "FRBP" are to the Federal Rules of Bankruptcy Procedure.

[2] Any capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Objection, as applicable.

[3] A copy of the Site Report is attached to the Schneider Declaration as **Exhibit A**.

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

must be "material." *Id.* at 1235, 1238–39. Each provision of the Lease related to maintenance and property breaches is included the chart below. Pursuant to the Court's Order to Supplement, AIC has not included the other, non-maintenance related defaults herein but refers the Court back to its Objection.

3.     Beyond the information provided in the below chart, AIC notes its continued concern with Money Mailer's ability to perform under the terms of the Lease, if it is assigned the contract from ColorArt. *See* Schneider Declaration ¶ 9. As AIC understands that Money Mailer is currently operating at the Lease under an unauthorized assignment or sublease from ColorArt, Money Mailer has not shown an intention to comply with the maintenance requirements set forth in the Lease, given the deficiencies identified in the attached chart. With this evidence of Money Mailer's non-compliance with the maintenance provisions, AIC does not have any assurance (much less adequate assurance) that Money Mailer will begin complying with the Lease if the current defaults are cured and Money Mailer is assigned the Lease.

…

…

…

…

…

…

…

…

…

…

…

…

…

…

…

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

| Property Defect | Factual Basis | Lease Provision | Notice of Default | Proposed Cure |
|---|---|---|---|---|
| Roof | ColorArt (the tenant) noted occasional roof leaks throughout the warehouse.<br><br>The roof has not had any reports done since the acquisition in 2022.<br><br>The Site Report indicates evidence of leaking was observed from the interior.<br><br>Centimark completed an updated roof report,[4] showing certain leak areas in red and a re-roof area in blue. The roof report indicates that Production Roof 1 is in very poor condition and provides a repair and reroof scope.<br><br>*See* Schneider Declaration ¶¶ 4-5 and Exhibits. | Violation of Section 2.01(a) (failure to take all action to make structural and nonstructural changes, repairs, and replacements to keep all parts of the Premises in good repair and condition, including roof)<br><br>Violation of Section 2.01(a) (failure to retain independent consultant to conduct biennial inspections of the roof and provide Lessor with written report of findings)<br><br>Event of Default under Section 7.01(a)(i)(2). | ColorArt provided notice of the roof leaks during the site visit.<br><br>AIC has not issued a notice of default under the Lease due to the automatic stay provisions of 11 U.S.C. § 362.<br><br>AIC provided an excerpted copy of the Site Report to ColorArt's counsel on June 22, 2026. | Repairs for noted defects and repair areas in the amount of $5,778.00 plus costs for reroof of Production Roof 1 (9,900 sf) in the amount of $130,000.00. |
| Heating Ventilation & Air Conditioners | ColorArt (the tenant) noted that the building has only one working HVAC unit. | Violation of Section 2.01(a) (failure to take all action to make structural and nonstructural changes, repairs, and replacements to keep all parts | AIC has not issued a notice of default under the Lease due to the automatic stay provisions | Replacement and repair costs set forth in A.J. Allen Mechanical Contractors, Inc. report regarding |

---

[4] A copy of the Centimark roof report is attached to the Schneider Declaration as **Exhibit B**.

| Property Defect | Factual Basis | Lease Provision | Notice of Default | Proposed Cure |
|---|---|---|---|---|
| (HVAC) | A HVAC study was conducted on June 23, 2026, and AIC received an itemized list of the HVAC work needed from A.J. Allen Mechanical Contractors, Inc. on June 30, 2026.[5] *See* Schneider Declaration ¶ 6 and Exhibits. | of the Premises in good repair and condition, including HVAC)<br><br>Violation of Section 2.01(a) (failure to retain independent consultant to conduct biennial inspections of the HVAC systems and provide Lessor with written report of findings)<br><br>Event of Default under Section 7.01(a)(i)(2). | of 11 U.S.C. § 362.<br><br>AIC provided an excerpted copy of the Site Report to ColorArt's counsel on June 22, 2026. | HVAC unit at 2525 Delaware, totaling $189,476.98 (motor and pulley replacement; unit replacements; mini-split replacement; and preventative maintenance). |
| Loading Dock | The Site Report indicates that repairs are needed to the loading dock. *See* Schneider Declaration ¶ 8 and Exhibits. | Violation of Section 2.01(a) (failure to take all action to make structural and nonstructural changes, repairs, and replacements to keep all parts of the Premises in good repair and condition)<br><br>Event of Default under Section 7.01(a)(i)(2). | AIC has not issued a notice of default under the Lease due to the automatic stay provisions of 11 U.S.C. § 362.<br><br>AIC provided an excerpted copy of the site visit report to ColorArt's counsel on June 22, 2026. | Cost of repairs to loading dock door. AIC has requested and anticipates having a quote for repairs to the loading dock door within two weeks. |
| Alterations or Mezzanine Use | The Site Report indicates that there are unauthorized alternations or mezzanine use at the Property. *See* Schneider Declaration ¶ 7 and Exhibits. | Violation of Section 2.02 (additions and/or alternations made without consent of Lessor and while Event of Default exists)<br><br>Event of Default under Section 7.01(a)(i)(2). | AIC has not issued a notice of default under the Lease due to the automatic stay provisions of 11 U.S.C. § 362.<br><br>AIC provided an excerpted copy of the site visit report to | Provision of items required to obtain consent under Section 2.02, including applicable surety bonds or other security reasonably acceptable to AIC. |

---

[5] A copy of the HVAC report is attached to the Schneider Declaration as **Exhibit C**.

| Property Defect | Factual Basis | Lease Provision | Notice of Default | Proposed Cure |
|---|---|---|---|---|
| | | | ColorArt's counsel on June 22, 2026. | |
| Subleasing without Consent | The Site Report indicates that ColorArt (the tenant) is subleasing without AIC's consent. *See* Schneider Declaration ¶ 8 and Exhibits. | Violation of Section 4.01 (assignment or sublease without Lessor consent and without meeting exceptions required under Section 4.03)<br><br>Event of Default under Section 7.01(a)(i)(2). | AIC has not issued a notice of default under the Lease due to the automatic stay provisions of 11 U.S.C. § 362.<br><br>AIC provided an excerpted copy of the Site Report to ColorArt's counsel on June 22, 2026. | Provision of items required to obtain sublease consent as set forth in Section 4.03, including balance sheets prepared in accordance with GAAP showing a net worth equal to or greater than $25,000,000.00 and an EBITDA equal to or greater than $16,000,000.00, along with substitute guaranty, if applicable under the terms of Section 4.03. |

## CONCLUSION

For the foregoing reasons and those set forth in the Objection, AIC respectfully requests that the Court deny the Motion and grant AIC such other and further relief to which it may be entitled.

DATED this 1st day of July, 2026.

WOMBLE BOND DICKINSON (US) LLP


By: /s/ Ogonna Brown
    Ogonna Brown, Bar No. 7589
    Ogonna.Brown@wbd-us.com
8488 Rozita Lee Avenue, Suite 400
Las Vegas, NV  89113
Tel.: 702.949.8200

- and -

Aimee Vidaurri (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
111 W. Houston Street, Suite 1800
San Antonio, Texas 78205
Telephone: (210) 224-5575
Email: aimee.vidaurri@nortonrosefulbright.com

- and -

Julie Harrison (admitted pro hac vice)
NORTON ROSE FULBRIGHT US LLP
1550 Lamar St., Suite 2000
Houston, TX 77010
Telephone: (713) 651-5151
Email: julie.harrison@nortonrosefulbright.com

*Attorneys for Creditors AICV S Heart Fillmore, L.L.C., AICV S Heart Workman, L.L.C., NL Ventures XII Zarzamora, L.L.C., NL Ventures XII Delaware, L.L.C. and NL Ventures XII Morton, L.L.C.*

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV  89169

WOMBLE BOND DICKINSON

3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169

WOMBLE BOND DICKINSON

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Womble Bond Dickinson (US) LLP, and that on the 1st day of July, 2026, I caused to be served a true and correct copy of **AIC'S SUPPLEMENT TO ITS OBJECTION TO DEBTORS' MOTION TO ASSUME AND ASSIGN UNEXPIRED LEASE IN DES MOINES, IOWA** in the following manner:

☒       (ELECTRONIC SERVICE)  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐       (UNITED STATES MAIL)  By depositing a copy of the above-referenced document (without exhibits, but exhibits are available upon request to Ogonna.Brown@wbd-us.com, Caitlin.Halm@wbd-us.com, or Renee.Creswell@wbd-us.com) for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐       (OVERNIGHT COURIER)  By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐       (FACSIMILE)  That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

/s/ Renee L. Creswell
An employee of Womble Bond Dickinson
(US) LLP

- 8 -