Honorable Natalie M. Cox
United States Bankruptcy Judge

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
*Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>LAS VEGAS COLOR GRAPHICS, INC.,<br><br>AFFECTS LAS VEGAS COLOR GRAPHICS, INC. ☐<br><br>AFFECTS COLORART, LLC ☒<br><br>AFFECTS BOTH DEBTORS ☐<br><br>Debtors. | Lead Case No.: 25-16697-NMC<br><br>Chapter 11<br><br>*Jointly administered with:*<br><br>ColorArt, LLC<br><br>Case No. 25-16701-NMC<br><br>Hearing Date: August 4, 2026<br>Hearing Time: 9:30 a.m.<br><br>Auction Date: August 18, 2026<br>Auction Time: 10:00 a.m. |

**ORDER GRANTING DEBTORS' MOTION (I) TO SELL, SUBJECT TO OVERBID, CERTAIN VEHICLE ASSETS FREE AND CLEAR OF LIENS, CLAIMS,**

**ENCUMBRANCES, AND INTERESTS, PURSUANT TO 11 U.S.C. § 363; AND (II) TO ABANDON OTHER VEHICLE ASSETS**

Debtors and debtors-in-possession Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together, the "Debtors"), by and through their undersigned counsel, having filed the *Debtors' Motion (I) to Sell, Subject to Overbid, Certain Vehicle Assets Free and Clear of Liens, Claims, Encumbrances, and Interests, Pursuant to 11 U.S.C. § 363; and (II) to Abandon Other Vehicle Assets* ("Motion") [ECF No. 568],[1] which was heard and considered by the Court on August 4, 2026, at 9:30 a.m. (the "Hearing") and conducted a telephonic auction on August 18, 2026, at 10:00 a.m (the "Auction"). Counsels' appearances are reflected in the above-captioned Court's record of the Hearing and Auction.

The Court read and considered the Motion brought pursuant to Sections 105, 363, 554, 1107, and 1108 of the Bankruptcy Code (11 U.S.C. §§ 101 – 1532, the "Bankruptcy Code"), Bankruptcy Rules 2002, 6004, 6007, and 9014, and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada ("Local Rules"). The Court's findings and conclusions of law placed on the record at the Hearing are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052. It appearing that the relief requested in the Motion is in the best interest of the Debtors' bankruptcy Estates, their creditors, and other parties-in-interest, and after due deliberation and sufficient cause appearing therefor;

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. The Motion, as supplemented, is **GRANTED** in the entirety.

2. The Debtors are hereby authorized to conduct the Sale of the Assets to the following purchasers for the following amounts:

| Year | Make/Model, Description | Vehicle ID No. | Purchaser | Amount |
|---|---|---|---|---|
| 2011 | Ford Ranger | 1FTKR1AD4BPA88471 | Henry Lujan | $975.00 |

[1] Capitalized terms not otherwise defined in this Order shall have the meanings set forth in the Bid Procedures attached hereto, and in the Bid Procedures Motion, in that sequence.

| | | | | |
|---|---|---|---|---|
| 2010 | Ford Ranger | 1FTKR1AD2APA15078 | Henry Lujan | $975.00 |
| 2015 | International 4300M7 box truck | HAMMMML6FL574398 | Henry Lujan | $5,825.00[2] |
| 2007 | Freightliner M2 106MED | 1FVACVDDX7DX06504 | Henry Lujan | $800.00 |
| 2017 | Ford Transit Van | 1GTW7BFF1H1110039 | Carmax | $5000.00 |

3. The Sale of the foregoing Assets authorized by this Order is made and done pursuant to 11 U.S.C. § 363, and the Sale of the Assets is free and clear of all liens, claims, encumbrances, and interests, and the titles of the Assets sold pursuant to this Order shall be transferred to the respective purchaser(s) after the Debtors receive the cash payment of the foregoing purchase price for each Asset from the respective Purchaser.

4. The Sale of the Assets to each of the foregoing purchasers was negotiated, proposed, and entered into by the Debtors and respective purchaser(s) in good faith, without collusion, and from arm's-length bargaining positions. The Sale of the Assets were subject to overbid at the Auction. The purchaser(s) have each and all proceeded in good faith in all respects in connection with this proceeding, are a "good faith purchaser" within the meaning of Section 363(m) of the Bankruptcy Code and, as such, are entitled to all the protections afforded thereby. Neither the Debtors nor the purchaser(s) have engaged in any conduct that: (i) would cause or permit the Sale transactions contemplated hereby to be avoided; (ii) would tend to hinder, delay, or defraud creditors; or (iii) impose costs and damages under Section 363(n) of the Bankruptcy Code.

5. The Sale of the Assets authorized hereby is free and clear, "as is" and without warranty of any kind, and the payment of the purchase price(s) for said Assets is an express acknowledgement by the respective purchaser(s) that neither the Debtors nor the Estates, nor their representatives, make or are making or have made any representations as to the completeness, the durability, the usability, the utility, the habitability, the suitability, the

[2] The amount of $3,725.41 will be deducted from the proceeds to pay for outstanding repair invoices owed on the vehicle.

manufacturing, the processing, or any other warranties whatsoever of any kind or nature, as to any Assets sold in the Sale.

6. Additionally, the Department of Motor Vehicles in each state or jurisdiction where the following vehicle(s) are located, is hereby authorized, empowered, and directed to issue titles and/or transfers of title for the Assets

7. The fourteen (14) day stay otherwise imposed by Bankruptcy Rule 6004(h) is hereby **waived**, and this Order is effective immediately upon entry.

8. Payment for the Assets shall be made to the Debtors within ten days of entry of this Order.

9. Furthermore, the Court specifically finds that the Motion was properly noticed to all creditors and parties-in-interest in these Chapter 11 Cases.

10. The **1999 Chevrolet EX2, titled under ColorArt, VIN: 1GCFG25W5X1035197, currently located at TSHIRTS.COM, 5115 East Highland Drive, Jonesboro, Arkansas, 72401,** is of inconsequential value to the Debtors' estates.

11. The Debtors are authorized to abandon the 1999 Chevrolet EX2, titled under ColorArt, VIN: 1GCFG25W5X1035197, currently located at TSHIRTS.COM, 5115 East Highland Drive, Jonesboro, Arkansas, 72401.

12. The Court retains jurisdiction to adjudicate any disputes arising out of or from, related to, or regarding this Order and its implementation.

**IT IS SO ORDERED**.

PREPARED AND SUBMITTED by:

GARMAN TURNER GORDON LLP

By: /s/ *Teresa Pilatowicz*

GREGORY E. GARMAN, ESQ.
TERESA M. PILATOWICZ, ESQ.
MARY LANGSNER, Ph.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
*Counsel to the Debtors*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| | |
|---|---|
| Stephanie K. Hor-Chen, Esq.<br>*Counsel for Aequum Capital Financial II LLC* | APPROVED |

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###