Honorable Natalie M. Cox
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>LAS VEGAS COLOR GRAPHICS, INC.,<br><br>AFFECTS LAS VEGAS COLOR GRAPHICS, INC. ☐<br><br>AFFECTS COLORART, LLC ☐<br><br>AFFECTS BOTH DEBTORS ☑<br>Debtors. | Chapter 11<br><br>Case No.: 25-16697-NMC<br><br>*Jointly administered with*:<br><br>ColorArt, LLC<br>Case No. 25-16701-NMC |

**ORDER GRANTING IN PART RECEIVER'S MOTION FOR COMPENSATION AND REQUIRING SUPPLEMENTAL FEE STATEMENT**

NMBL Strategies (the "Receiver") filed a Motion seeking payment of its fees and expenses and those of its counsel, Spencer Fane LLP, under 11 U.S.C. §§ 543(c), 503(b)(3)(E), and

503(b)(4). ECF No. 135.[1] The Receiver requests $35,755.00 for its fees and expenses and $47,641.25 for Spencer Fane's fees and expenses, for a total request of $83,396.25. Id.

The Debtors opposed the Motion. ECF No. 194. Among other things, the Debtors argue that the Receiver was appointed only seven days before the bankruptcy cases were filed, that the Receiver did not provide a sufficient benefit to the estates, and that the billing records do not adequately separate prepetition and postpetition services. ECF No. 194. The Receiver filed a Reply. ECF No. 210. The Court held a hearing on the Motion and took the matter under submission.

The Receiver was appointed by the Missouri state court on October 29, 2025.[2] (ECF No. 135). The Debtors filed these Chapter 11 cases on November 5, 2025. (ECF No. 1). During that short period, the Receiver obtained control of certain bank accounts, collected approximately $1 million in receivables, reviewed transfers involving insiders and affiliates, and gathered information concerning the Debtors' assets and operations. (ECF No. 135). The Receiver contends that this work preserved assets and provided information that was later available for use in these bankruptcy cases. (ECF Nos. 135, 210).

Section 543(c)(2) requires the Court to provide for reasonable compensation for services rendered and costs and expenses incurred by a custodian. Section 503(b)(3)(E) also permits compensation and actual, necessary expenses for a custodian superseded under § 543. Section 503(b)(4) permits reasonable compensation for the custodian's attorney based on the time, nature, extent, and value of the services performed. See 11 U.S.C. §§ 543(c)(2), 503(b)(3)(E), 503(b)(4).

[1] All references to "ECF No." are to the numbers assigned to the documents filed in the bankruptcy case identified in the caption above ("Case"), as they appear on the docket ("ECF No.") maintained by the Clerk of the Court.

[2] Receiver was appointed by the Circuit Court of St. Louis County, State of Missouri, Case No. 25SL-CC11027.

Based on the record, the Court finds that the Receiver and its counsel performed services for which some reasonable compensation may be allowed. The present record, however, does not allow the Court to determine what amount is reasonable.

In particular, the requested fees include services performed before the Receiver was appointed, services performed during the short period between the Receiver's appointment and the bankruptcy filings, and services performed after the bankruptcy cases were filed.[3] See (ECF Nos. 135, 194). The Receiver acknowledges that it participated in the Missouri proceedings before its October 29, 2025, appointment in preparation for potentially serving as receiver. (ECF No. 210). The Debtors also contend that the current invoices do not clearly separate the Receiver's prepetition and postpetition work. (ECF No. 194).

The Court therefore finds that additional information is necessary before it can determine the amount of compensation that should be allowed.

Accordingly,

**IT IS ORDERED** that the Receiver's Motion at ECF No. 135 is **GRANTED IN PART**. The Court finds that the Receiver and its counsel may receive reasonable compensation under 11 U.S.C. §§ 543(c)(2), 503(b)(3)(E), and 503(b)(4). The Court reserves ruling on the amount of compensation and expenses to be allowed.

[3] The billing records do not clearly identify which fees were incurred before the Receiver's appointment, before the bankruptcy filings, or after the bankruptcy filings. The Receiver's invoices include an invoice dated November 1, 2025, for $16,330.00; an invoice dated November 12, 2025, for $19,425.00; and a bond invoice dated October 29, 2025. (ECF No. 136, Ex. 1). The billing summary for the Receiver's counsel, Spencer Fane LLP, reflects an invoice dated November 25, 2025, for $45,266.00 in legal fees and $1,375.25 in disbursements. Id., Ex. 2. The first billing entry, however, is dated October 6, 2025—more than three weeks before the Receiver's appointment—and the billing entries continue through November 14, 2025, after the bankruptcy cases were filed. Id., Ex. 2. Because the Receiver was appointed on October 29, 2025, and the bankruptcy cases were filed on November 5, 2025, the invoices span the relevant pre-appointment, prepetition, and postpetition periods without separately stating the amounts attributable to each period.

**IT IS FURTHER ORDERED** that, within fourteen (14) days after entry of this Order, the Receiver must file a supplemental fee statement that separately identifies:

1. Fees and expenses for services performed **before October 29, 2025**, when the Receiver was appointed;
2. Fees and expenses for services performed **from October 29 through November 5, 2025**, before the bankruptcy cases were filed;
3. Fees and expenses for services performed **after November 5, 2025, that relate to turnover, accounting, or compliance with § 543**; and
4. FEES and expenses for services performed **after November 5, 2025, that relate to the Receiver's request to be excused from the turnover requirements of § 543**.

The supplemental fee statement must separately identify the amounts requested by the Receiver and by Spencer Fane. It may clarify and separate the fees and expenses already requested in the Motion, but may not add new fees or expenses.

**IT IS FURTHER ORDERED** that the Debtors may file a response within seven (7) days after the supplemental fee statement is filed. Any response must be limited to whether the identified fees and expenses are reasonable and compensable.

**IT IS SO ORDERED.**

Copy sent via CM/ECF ELECTRONIC NOTICE

# # #